[No. 3378.   Decided December 15, 1899.]

THE STATE OF WASHINGTON, *on the Relation of Robert W. Swan, Respondent*, v. FRANK TAYLOR, *Appellant*.

CITY MARSHAL—TERM OF OFFICE—STATUTES—REPEAL BY IMPLICATION.
    Laws 1895, p. 351, which provides that in all cities of the third and fourth classes the marshal shall be elected by the city council, and shall hold office for one year, does not, in view of the scope shown by its title, "An act providing for the election of city marshal in cities of the third and fourth classes," work a repeal or an amendment of Laws 1893, p. 103, in any particular beyond the manner of election of the city marshal; that portion of the act of 1893 prescribing the term of office of city officers continuing in force, and making the term of the marshal, as well as that of the other officers, begin the first Tuesday in January next succeeding the day of his election.

Appeal from Superior Court, Thurston County.—Hon. CHARLES W. HODGDON, Judge.   Affirmed.

*Thomas M. Vance*, for appellant.
*George C. Israel*, for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This case was tried in the superior court upon an agreed statement of facts, and from a judgment in favor of relator the defendant has appealed.    It appears that upon the 5th day of February, 1896, the appellant was duly elected by the council of the city of Olympia, a city then and now a city of the third class, to the office of city marshal, and on the 8th day of that month filed his official bond and oath of office and entered into possession of said office, which he continued to hold thereafter until the 1st day of March, 1897, when he was re-elected by the council, and again qualified, and continued in possession of the office.    On the 5th day of January, 1898, while the appellant retained possession thereof, the council proceeded to elect the relator to the said office, and directed him to qualify and take possession of the same.    Thereafter the relator did qualify by taking the oath and filing the official bond required by law, and made demand for the possession of the office, and, upon appellant's refusal to surrender, instituted this action.

It is contended by the appellant that at the time of the relator's election by the council, viz., on January 5, 1898, the term for which appellant had been elected had not expired, and this contention involves the only question arising upon the appeal.

Section 1, Laws 1893, p. 103, among other things, provides that the mayor, marshal, and certain other officers "shall be elected by the qualified electors of said city at a general municipal election to be held therein on the first Tuesday after the first Monday in December in each year;" and it further provides that:

" The mayor, treasurer, health officer, marshal, clerk and attorney shall hold office for the period of one year from and after the first Tuesday in January next succeed-

ing the day of such election, and until their successors
are elected and qualified."

In 1895 the legislature passed the following enactment
(Laws 1895, p. 351):

" Section 1. That in all cities of the third and fourth
classes in this state the marshal shall in all cases be
elected by the city council, and he shall hold office for
one year, unless sooner removed for cause."

The section just set forth is all that is contained in the
enactment, the title of which is as follows:

" An Act providing for the election of city marshal in
cities of the third and fourth classes, and other cities of
equal population."

The determination of the question involved in this case
depends upon whether the act of 1895 is to be considered
as repealing the act of 1893, *supra,* in so far as relates to
the term of the office of marshal and the commencement
of that term. The position of the appellant is that the
act of 1895 amounted in these respects to a repeal by im-
plication of the law of 1893, *supra.* We think the posi-
tion is not well taken. The end of all interpretation is
to ascertain the legislative intent, and in the ascertain-
ment of it the title which has been given to an enactment
is always a proper subject for consideration. Endlich,
Interpretation of Statutes, § 59.

" The language of an act should be construed in view
of its title and its lawful purposes;  .   .   .   The sub-
ject or object expressed in the title fixes a limit to the
scope of the act." Sutherland, Statutory Construction,
§ 211. See, also, § 102.

The act of 1895 did not create a new office, nor did it
change the term for which the officer should hold. The
only change made by it was in regard to the manner in
which the officer should be elected. It conferred the
power of election of marshal upon the city council, where-

as, under the act of 1893, the power was lodged with the qualified electors of the city. That was the only change wrought by the act of 1895. It is all that is embraced within the title, and we think all that is inferable from the language of the enacting clause.

We conclude that the superior court was right in its judgment, and it is affirmed.

REAVIS, FULLERTON and DUNBAR, JJ., concur.