[No. 10534.  Department Two.  April 15, 1913.]

### THE STATE OF WASHINGTON, *Respondent*, v. PACIFIC AMERICAN FISHERIES, *Appellant*.[1]

MASTER AND SERVANT—HOURS OF SERVICE—REGULATION—STATUTES —CONSTRUCTION. Under the act of 1911, p. 131, entitled an act to regulate and limit the hours of employment of females in any mechanical or mercantile establishment . . . except establishments engaged in . . . canning . . . certain perishable articles, which provides for an eight-hour day, with the proviso that the act shall not apply to females employed in packing or canning any variety of perishable fruit or vegetables nor to females employed in canning fish, fishing canneries are not exempted from the operation of the statute, and female labor therein is restricted unless such labor is employed in "canning fish."

CRIMINAL LAW—APPEAL—REVIEW—VERDICTS. A conviction will not be disturbed on appeal for insufficiency of the evidence, if there

[1]Reported in 131 Pac. 452.

was evidence to support the verdict, although it may not be the most convincing kind.

MASTER AND SERVANT—REGULATION OF HOURS OF SERVICE—CRIMINAL PROSECUTION—TRIAL—INSTRUCTIONS—"CANNING FISH." Upon a prosecution for violating the eight-hour law by employing female labor in a fish cannery in work other than "canning fish," it is proper to instruct the jury to the effect that the "lacquering of cans" is not a part of the work of canning fish if the lacquering was done after the canning to prevent the cans from rusting and was not reasonably immediately necessary to preserve the contents of the cans and could have been done in the usual course of business by employment of females for not more than eight hours per day (MOUNT and MORRIS, JJ., dissenting.)

CRIMINAL LAW—APPEAL—HARMLESS ERROR—CONDUCT OF COUNSEL. Reversible error cannot be predicated on statements of counsel outside the record, where the court promptly instructed the jury to disregard them, and they were not of that flagrant character the prejudicial effect of which could not be removed by the prompt action of the court.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered February 3, 1912, upon a trial and conviction of a violation of the eight hour day law. Affirmed.

*Kerr & McCord*, for appellant.

*Frank W. Bixby* and *Howard C. Thompson*, for respondent.

MAIN, J.—The defendant was charged by information with employing a female person for more than eight hours in one day. The information, so far as material to the present inquiry, is as follows:

"Then and there, being on or about October 20, 1911, the said defendant, Pacific American Fisheries, a corporation, did then and there wilfully and unlawfully employ a female, to wit: Mrs. E. B. Scrimscher, for more than eight hours out of the twenty-four hours of said 20th day of October, 1911, to wit: for a period of ten consecutive hours, save and except one hour intermission between 12 and 1 o'clock of said day. The said female, Mrs. E. B. Scrimscher being employed in the lacquering department of the cannery of said corporation; the

said employment not being in harvesting, packing, curing, canning or drying any variety of perishable fruit or vegetable, nor in canning fish or shellfish. The said lacquering consisting of immersing in a tank of fluid called lacquer of the sealed can of salmon."

To this information, the defendant interposed a demurrer, which was overruled. In due time the cause came on for trial before the court and a jury. It appears that, for the season of 1911, the defendant began its canning operations on the 11th day of June. The process employed in the cannery was briefly as follows: The fish were first prepared and placed in cans. The cans then passed through the topping machine. From this machine they went to the soldering machine, after which they were immersed in water. If the cans did not develop any leaks, they were passed along and into a steam vat or retort and cooked. Following this, the cans were punctured for the purpose of allowing gas generated in the cooking process to escape. After the steam had escaped, the cans were again soldered, after which they were immersed in a strong solution of lye, for the purpose of cleansing from all oil or acid. The cans were then scattered about on the floor of the cannery to cool. After drying, they were again tested for leaks. They were then placed in the warehouse, where they were lacquered. By lacquering is meant the dipping of the cans in a certain solution for the purpose of preserving them from leaks and preventing rust. The lacquering takes place after the can is filled, cooked, and sealed. As above stated, the canning operations of the defendant for the season of 1911 began on the 11th day of June. Following this, the cans as they were filled, cooked, and sealed, were placed in the warehouse where they remained until the 8th day of September, 1911, when the lacquering was begun. The lacquering of the cans continued from the 8th day of September, 1911, until approximately the 8th day of the following December.

As shown by the charging part of the information, one

Mrs. E. B. Scrimscher was, on the 20th day of October, 1911, employed in lacquering the cans for a period of more than eight hours in one day. During the progress of the trial, counsel for the defendant repeatedly objected to statements made by the prosecuting attorney to and in the presence of the jury, for the reason that the statements complained of were dehors the record. As the occasion required, the trial court promptly and specifically instructed the jury to disregard the statements not supported by the evidence. The trial resulted in a verdict of guilty. Motion for a new trial being seasonably made and overruled, the defendant appeals.

The questions here to be determined are, (1) Does the information charge a crime? (2) If it does, did the court err in submitting to the jury the question as to whether or not the lacquering was a part of the process of canning fish as used by the defendant at the time charged in the information? (3) Did the trial court commit prejudicial error in its instructions to the jury? And (4) was the appellant prejudiced by the statements of the prosecuting attorney?

(1) The question as to whether or not the information charges a crime involves the construction of chapter 37 of the Laws of 1911, page 131, known as the "Women's Eight Hour Law." The title of the act and section 1 are as follows:

"An act to regulate and limit the hours of employment of females in any mechanical or mercantile establishment, laundry, hotel or restaurant; except establishments engaged in harvesting, packing, curing, canning or drying certain perishable articles and providing a saving clause as to such exception; to provide for its enforcement and a penalty for its violation."

"Section 1. No female shall be employed in any mechanical or mercantile establishment, laundry, hotel or restaurant in this state more than eight hours during any day. The hours of work may be so arranged as to permit the employment of females at any time so that they shall not work more than eight hours during the twenty-four: *Provided, however,* That the provisions of this section in relation to the hours of employment shall not apply to, nor affect, females employed in

harvesting, packing, curing, canning or drying any variety of perishable fruit or vegetable, nor to females employed in canning fish or shellfish. If it shall be adjudicated that the foregoing proviso and exception shall be unconstitutional and invalid for any reason, an adjudication of invalidity of said proviso or of any part of this act shall not affect the validity of the act as a whole or any other part thereof."

From an examination of the title, it appears that a saving clause will be found in the act limiting its general scope or operation. Looking to the body of the act, as contained in § 1, we find it provides that "no female shall be employed in any mechanical or mercantile establishment . . . more than eight hours during any day." Then follows the proviso which is, "that the provisions of this section . . . shall not apply to, nor affect, females employed in . . . canning fish or shellfish." The argument is made that the proviso excepts establishments from the operation of the statute which are engaged in the canning of fish. Whether or not this contention is correct must be determined from the language used. The end of all statutory interpretation is to ascertain the legislative intent, and when the legislative intent is to be determined, the title of the act is a proper subject for consideration. In *State ex rel. Swan v. Taylor*, 21 Wash. 672, 59 Pac. 489, it is said:

"The end of all interpretation is to ascertain the legislative intent, and in the ascertainment of it the title which has been given to an enactment is always a proper subject for consideration."

The title of the act in question does not show a legislative intent absolute, to exempt establishments engaged in the canning of fish. The title itself refers to a saving clause as to the exception. It follows that the saving clause in the body of the act must determine the scope of the exemption. This proviso by its language does not exempt from the eight hour restriction, establishments engaged in canning fish, but it does exempt females employed in the canning of fish. The statute unquestionably was passed in the interest of females employed in

the establishments mentioned. The limitation as to its opera-
tion contained in the proviso was for the purpose of permit-
ting females to labor more than eight hours in one day when
engaged in preserving the perishable products therein men-
tioned. If female labor is employed in canning fish, it comes
within the exemption in the statute, but if employed in es-
tablishments engaged in canning fish, but not in the canning
of fish, then such labor does not come within the exemption.
Applying this rule to the information charging the defend-
ant with employing a female more than eight hours in one
day, it charges a crime, within the meaning of the statute.

(2)    The trial court submitted to the jury the question of
fact as to whether Mrs. E. B. Scrimscher, on the 20th day
of October, while engaged in lacquering the cans, was em-
ployed in canning fish, as the process was then used by the
defendant. In other words, the court submitted to the jury the
question whether or not lacquering was a part of the canning.
It is vigorously contended that there is no evidence in the rec-
ord showing or tending to show that the lacquering was not a
part of the canning, but that the undisputed evidence shows
that a person employed in lacquering the cans was engaged
in canning fish. Without setting out in detail the evidence
upon this question, it may be said that, while the evidence
tending to show that lacquering was not a part of the canning
may not be of the most convincing character, yet there is
sufficient evidence to raise a question of fact for the jury to
pass upon. As was said in *State v. Ripley*, 32 Wash. 182, 72
Pac. 1036:

"This court has heretofore announced that it will not dis-
turb verdicts of this character, on the ground of alleged in-
sufficiency of evidence, where there is evidence to support the
verdict, although it may not be of the most convincing kind."

(3)    After submitting to the jury the question whether
the lacquering was a part of the canning, as the process was
then employed by the appellant, and directing the jury to find
the appellant not guilty unless they found from the evidence

that the lacquering was not a part of the canning, the trial court gave an instruction as follows:

"If you find from the evidence beyond a reasonable doubt that the lacquering of the cans containing the canned salmon, done at defendant's cannery at the time charged in the information, was not a part of the canning of the salmon then canned there; that the process of canning the salmon then employed by defendant was complete without the lacquering, but that the lacquering of the cans containing the canned salmon was done after the canning to prevent the cans from tarnishing or rusting or decaying and to preserve the cans during the time reasonably required for the disposition and consumption of the salmon contained in same, when disposed of in the ordinary and usual manner in which canned salmon is sold on the market, and by which it reaches the consumer; and you further find from the evidence beyond a reasonable doubt that it was not necessary to so preserve the cans containing the canned salmon canned by the process employed by the defendant that the same should be lacquered immediately after the fish were sealed therein, but that under all of the conditions then existing, as you may find the same to have then existed, from all the evidence, the lacquering could have been done thereafter in the usual course of business by the employment of females in doing the same for not more than eight hours per day, or by other labor as might suit the pleasure of the defendant, in such time as would have safely preserved the cans from damage by reason of tarnishing or rusting, then and in such case you would find the defendant guilty as charged."

This instruction is based upon the hypothesis that the jury should find that the lacquering was not a part of the canning, and after telling the jury that if they should find that the lacquering was not a part of the canning, and if they should find certain other things specified in the instruction, then they should find the defendant guilty. While this instruction goes further than is necessary in embodying elements necessary for the jury to find before they could find the defendant guilty, it is more favorable to the defendant than it would be had the irrelevant matter been eliminated. The giving of it was not prejudicial as against the appellant.

(4) Finally, it is urged that the prosecuting attorney, during the trial, and in the presence of the jury, was guilty of misconduct in making statements not sustained by the evidence. While the traveling outside of the record on the part of counsel is always to be condemned, it does not necessarily follow that to do so is always prejudicial error. The record shows that when complaint was made of the conduct of the prosecuting officer by counsel for the defendant, the trial court promptly and specifically instructed the jury to disregard the statements which were not borne out by the evidence. The statements complained of were not of that flagrant character which would bring to the minds of the jury matters the prejudicial effect of which could not be removed by the promptitude of the trial court.

The judgment will therefore be affirmed.

ELLIS and FULLERTON, JJ., concur.

MOUNT and MORRIS, JJ. (dissenting)—It is our opinion that the lacquering of cans is as much a part of canning fish as soldering or putting fish into the cans. The act expressly excepts such employment. We therefore dissent.