[No. 16703. Department One. January 7, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. J. E. CROTHERS, *Appellant*.[1]

STATUTES (63)—CONSTRUCTION—TITLE AND HEADINGS. While the title to an act is always a subject for consideration in ascertaining the legislative intent, a headnote, even though enacted by the legislature as a part of the act, should not be made an excuse for construing an act which is clear, plain, and concise, leaving nothing open to construction.

SAME (63)—CONSTRUCTION—TITLE AND HEADINGS—SCOPE AND SUB-JECT-MATTER OF ACT—INTENT OF LEGISLATURE. Rem. Code, § 2527, as amended by Laws 1915, p. 492, § 2, providing that "every person, who . . . being the driver of any animal or vehicle upon any public highway, street, or other public place, shall be intoxicated while engaged in the discharge of any such duties, shall be guilty of a gross misdemeanor," includes the driver of an automobile, whether he be owner or employee, the enactment of the headnote "Intoxication of employees," as an index of the section not being a limitation on the plain provisions of the statute showing a legislative intent to cover other classes as well as employees.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered January 28, 1921, upon a trial and conviction of operating an automobile while intoxicated. Affirmed.

*Crollard & Steiner*, for appellant.
*Sam R. Sumner* and *Frank Lebeck*, for respondent.

[1]Reported in 203 Pac. 74.

TOLMAN, J.—Appellant demurred to an information charging:

"That the said J. E. Crothers, in the county of Chelan, state of Washington, on the 19th day of October, 1920, did, then and there being, unlawfully and feloniously drive and operate a vehicle, to-wit, an automobile, over and upon a public highway in said county and state aforesaid, known and designated as the sunset highway; he, the said J. E. Crothers, being then and there intoxicated, and being then and there engaged in the discharge of his duty as such driver, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

The demurrer was overruled by the court below. Appellant, electing to stand on the demurrer, refused to plead further and was adjudged guilty as charged, and a jail sentence and fine were imposed, from which he has appealed.

The sufficiency of the information is the only question presented, it being contended that the headnote to § 2527, Rem. & Bal. Code, as amended by ch. 165, § 2, Laws of 1915, p. 492 (Rem. Code, § 2527), having been by the legislature enacted as a part of the original act, and also as a part of the amending act, should be read in connection with the body of the act, and when so read, the act as a whole should be held to apply only to those persons who were employees at the time the offense was committed.

The amended act reads as follows:

"Section 2527. *Intoxication of Employees.* Every person who, being employed upon any railway, as engineer, motorman, gripman, conductor, switch tender, fireman, bridge tender, flagman or signalman, or having charge of stations, starting, regulating or running trains upon a railway, or being employed as captain, engineer or other officer of a vessel propelled by steam, or being the driver of any animal or vehicle upon any

public highway, street, or other public place, shall be intoxicated while engaged in the discharge of any such duties, shall be guilty of a gross misdemeanor.''

A most learned and interesting argument is presented, and many cases are cited and analyzed by appellant's counsel, but, in our judgment, no good purpose will now be served by an exhaustive examination of these authorities. We have heretofore adopted the rule that ''the end of interpretation is to ascertain the legislative intent, and in the ascertainment of it the title which has been given to an enactment is always a subject for consideration.'' *State ex rel. Swan v. Taylor,* 21 Wash. 672, 59 Pac. 489; *State v. Pacific American Fisheries,* 73 Wash. 37, 131 Pac. 452. So, too, a headnote intended by the legislature as a title or an index to the particular section to which it appertains must be given, at least, as much force as the title of the entire act.

But when the body of the act is clear, plain and concise, leaving nothing open to construction, we cannot hold that a headnote, even though enacted by the legislature as a part of the act, should be permitted to cast doubt upon that which is not doubtful, and be made an excuse for construing that which, without it, would require no construction. Nor do we read any of the authorities cited as going to that length. If any do so hold, we decline to follow them.

As we read the body of the act in question, it uses the term ''employed'' in the sense of being engaged in the occupation or enterprise referred to, and not at all in the sense that the person so engaged is employed by another for wages or for hire. For instance, one ''being employed as captain, engineer or other officer of a vessel propelled by steam,'' might be a part or sole owner of the vessel, receiving the profits, in whole or in part, of the enterprise instead of wages for his services,

and yet be amenable to the law; so, also, one driving an animal or vehicle is employed, in the statutory use of that term, in that enterprise, though he may own the animal or vehicle driven, and receive nothing therefor but the pleasure emanating from doing the act.

But, in any event, there is no provision in our constitution requiring the use of headnotes, or limiting the section following to the subject-matter of the headnote; and though the legislature may have used the headnote in this instance as an index, and used the term "employed" in a sense other than as we have interpreted it, still, there is no rule of law which will confine the subject-matter of the section to employees only. The purpose of the section is to prevent one operating an instrumentality which may be dangerous to the public, if operated negligently, from so operating it while intoxicated, and the legislature, having indexed the section as relating to employees, might properly in the same section, after covering all employees, without violating any constitutional provision, cover also those persons operating like instrumentalities who were not, strictly speaking, operating as employees. The purpose of the statute is so plain and the words used are so clear and concise that, whichever way construed, the legislative intent is apparent therefrom without resort to further construction. We, therefore, cannot construe the headnote as creating a doubt where none otherwise exists.

The judgment appealed from is affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and MITCHELL, JJ., concur.