[No. 17912.  Department Two.  August 9, 1923.]

TOWN OF SUMNER, *Respondent*, v. PERRY R. WARD,
*Appellant*.[1]

CONSTITUTIONAL LAW (112)—LICENSES (3)—EQUAL PROTECTION OF THE LAWS—LICENSE TAXES—DISCRIMINATION BETWEEN CLASSES OF GOODS PEDDLED.  An ordinance requiring all persons peddling certain articles of common household use to obtain a license therefor, without any discrimination as to citizenship or the persons who may obtain a license, is not unconstitutional on the ground that it grants privileges or immunities to one class of citizens which it denies to others.

CONSTITUTIONAL LAW (101)—LICENSES (3)—PROHIBITION OF TRADE OR BUSINESS—EQUAL PROTECTION OF THE LAWS—LICENSE FEE.  An ordinance prohibiting the peddling without a license of certain articles which are most commonly used in the household and most generally sold by canvassers and solicitors, is not void as a regulatory ordinance because it omits some articles equally common; since the courts will not enter upon any exacting inquiry as to whether there has been an unlawful distinction between articles for which a license is required.

LICENSES (1)—MUNICIPAL CORPORATIONS (325)—ARBITRARY POWER TO REFUSE LICENSE—REVIEW.  Such an ordinance is not invalid because it gives the city clerk arbitrary power to refuse to grant a license, where it provides that he shall grant a license to every applicant unless he finds him disqualified for the reason stated in the ordinance; since that calls for exercise of a discretion of a judicial nature which may be reviewed in the courts, if arbitrary.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 7, 1923, upon a conviction, upon stipulated facts, of the violation of a town ordinance prohibiting peddling without a license.  Affirmed.

*Ellis, Fletcher & Evans,* for appellant.

*DeWitt M. Evans,* for respondent.

FULLERTON, J.—The facts of this cause are stipulated.  It appears that, on June 26, 1922, the town of

[1] Reported in 217 Pac. 502.

Sumner, a municipal corporation, enacted an ordinance [No. 280], the provisions of which, material for consideration here, read as follows:

"Sec. 1. No person or persons, firm or corporation, shall peddle or offer for sale by going from house to house at the private residences in the Town of Sumner, any teas, coffees, wool or cotton piece goods, stockings, furs, or wearing apparel, extracts, groceries, meat, fish, confectionery, stationery, aluminum ware, brushes, vacuum cleaners, carpet sweepers, washing machines, notions, novelties, books, periodicals, jewelry, spectacles, eye glasses, dry goods, soaps, patent medicines, toilet preparations, within the corporate limits of the Town of Sumner without first having obtained a license so to do as hereinafter provided.

"Sec. 2. No person shall engage in the occupation of a canvasser or solicitor by traveling from house to house within the corporate limits of the Town of Sumner, and soliciting the residents of said town at their private residences to purchase, order, buy or agree to buy or purchase, or subscribe for, to be delivered in the future, any of the articles enumerated in Section 1 hereof, without having first obtained a license so to do as herein provided.

"Sec. 4. Any person desiring a license to engage in any of the occupations enumerated in Sections 1 and 2 of this ordinance, shall apply for the same to the Town Clerk of the Town of Sumner, and shall pay therefor the sum of five dollars per day for each day he desires such license. Whereupon the Town Clerk shall, unless he has good reason to believe such applicant to be dishonest or immoral and that he desires such license to enable him to practice some dishonest or immoral act, issue to said applicant a license specifying the purpose for which the same is used and the duration of the same."

It further appears that the appellant Ward, after the enactment of the ordinance, and without procuring the license therein provided for, traveled from house to house within the corporate limits of the town of Sumner, and solicited and took from the residents

thereof orders for brushes manufactured by the Fuller Brush Company, a foreign corporation; that he took these orders to the warehouse of the corporation named, located in the city of Seattle, received from the corporation at that place the brushes ordered, and afterwards delivered them to the persons ordering them and collected the purchase price. It further appears that the appellant was arrested and convicted as for a violation of the ordinance, before a police judge of the town of Sumner, and sentenced to pay a fine; and that he appealed from the judgment of the police justice to the superior court of Pierce county, where the judgment of conviction was affirmed. This appeal is from the judgment of the superior court.

The attack is upon the validity of the ordinance. Against its validity, the appellant makes two principal contentions; first, that the ordinance grants privileges and immunities to one class of citizens which, upon the same terms, it denies to others; and, second, that the ordinance reposes in the city clerk arbitrary power to grant or withhold the license at will.

With reference to the first of the contentions, it will be noticed that the ordinance makes no discrimination on the ground of citizenship as to the persons who may obtain a license. None are denied on that ground, and every person who desires to sell the enumerated articles in the manner prescribed and in the territory delineated, must procure the required license. If, therefore, the ordinance is void at all, it is void because it requires a license to sell a certain class of articles of merchandise, while it permits the selling in the same manner of another class without a license. But to be void for this reason, even were the ordinance solely a regulatory measure, there must be no just distinction between the articles for the sale of which a license is required and those articles for the sale of

which it is not. And in determining whether there is such a distinction, the courts will not enter upon any very exacting inquiry. As was said in *State v. Evans*, 130 Wis. 381, 110 N. W. 241, quoted with approval in *McKnight v. Hodge*, 55 Wash. 289, 104 Pac. 504, 40 L. R. A. (N. S.) 1207:

"As to the cogency or propriety of either the regulations made, or of the importance of the distinctions, as we have so often said, the courts have little concern. Those subjects rest with the legislature, and only when the court, in the exercise of the utmost deference toward that other branch of the government, is compelled to say that no one in the exercise of human reason and discretion could honestly reach a conclusion that distinctions exist having any relation to the purpose and policy of the legislation, can it deny its validity."

Turning to the ordinance, it will be seen that it enumerates the principal articles most commonly used in the household; those which are most generally sold by canvassers and solicitors in the manner the ordinance defines. There may be some articles equally common omitted, but exactness and precision is not required, and such omissions are not fatal unless they are so gross as to indicate an arbitrary purpose to discriminate on the part of the legislative authority enacting the ordinance. Here we cannot think they are so, and as a regulatory ordinance we do not find it invalid.

But the ordinance may be sustained as a revenue measure. In this state, license fees may be exacted for the purpose of revenue as well as for the purposes of regulation; Rem. Comp. Stat., § 9175, sub. 10 [P. C. § 837]; and an ordinance may be valid if its object is revenue, although invalid if its object is regulation. *In re Camp*, 38 Wash. 393, 80 Pac. 547; *Spokane v.*

*Macho,* 51 Wash. 322, 98 Pac. 755, 130 Am. St. 1100, 21 L. R. A. (N. S.) 263; *McKnight v. Hodge, supra.*

Nor is such an ordinance in violation of the clause of the constitution requiring uniformity and equality of taxation; it being a tax on privileges and not a tax on property. *Standard Oil Co. v. Graves,* 94 Wash. 291, 162 Pac. 558.

Nor does the fact that it is imposed upon peddlers of certain articles, and not upon peddlers of all articles, violate it as a revenue measure. A tax exaction must bear some relation to the amount of a business, if it is to be of any value as a revenue producing measure; and the legislative authority may well conclude that peddlers of certain articles can withstand a tax, while peddlers of other articles can not. The mere fact, therefore, that all trades, privileges or callings are not taxed affords no ground for invalidating those that are taxed. As was said in *Connolly v. Union Sewer Pipe Co.,* 184 U. S. 540:

"A tax may be imposed only upon certain callings and trades, for when the State exerts its power to tax, it is not bound to tax all pursuits or all property that may be legitimately taxed for governmental purposes. It would be an intolerable burden if a State could not tax any property or calling unless, at the same time, it taxed all property or all callings."

The appellant cites and largely quotes from the case of *State v. Wright,* 53 Ore. 344, 100 Pac. 296. This case supports his contention, but we are not persuaded that it represents the current of authority or that it is supported by the sounder reason. See the notes to a reprint of the case in 21 L. R. A. (N. S.) 349, and see, also, *Ex parte Byles,* 93 Ark. 612, 126 S. W. 94.

In support of his second contention, the appellant cites and relies upon the cases of *Seattle v. Gibson,* 96 Wash. 425, 165 Pac. 109; *State ex rel. Makris v.*

*Superior Court,* 113 Wash. 296, 193 Pac. 845, and
*Vincent v. Seattle,* 115 Wash. 475, 197 Pac. 618. But
an examination of the several ordinances in question
in these cases will show that they differ in a material
respect from the ordinance here in question. In each
of them the question whether a license should be
granted to an applicant was left to some person or
body of persons who had power either to grant or
refuse it as he or they so willed, regardless of any
other consideration. But it is not so with the present
ordinance. Here the person having authority to issue
the license (the town clerk) must do so unless he has
good reason to believe that the applicant is dishonest
or immoral, and desires the license to enable him to
practice some dishonest or immoral act. The ordi-
nance thus does not grant to the clerk arbitrary power
to grant or refuse the license at his discretion. He is
bound to grant the license to every applicant, unless
he finds him disqualified for the reasons stated in the
ordinance. The fact of fitness is submitted to the judg-
ment of the officer, and it calls for the exercise of a
discretion of a judicial nature, and the action of the
officer may be reviewed in the courts for an arbitrary
exercise. As is said by the supreme court of Cali-
fornia in *Riley v. Chambers,* 181 Cal. 589, 185 Pac.
855, referring to a similar provision of a statute:

"But it may be said that the power of the commis-
sioner to refuse a license if he is not satisfied as to the
character of the applicant practically gives him ar-
bitrary power, as he alone can determine whether he
is satisfied or not. This, however, is not true. While
the commissioner has the power to refuse a license
if he is not satisfied as to the character of the applicant,
his discretion is not arbitrary. There must exist facts
which reasonably justify his conclusion that the appli-
cant is not of good character and reputation. If such
facts do not exist, it is his duty to issue the license,
and this duty can be enforced by the courts."

See, also: *Gundling v. Chicago,* 177 U. S. 183, 20 Sup. Ct. 633; *Hall v. Geiger-Jones Co.,* 242 U. S. 539, 37 Sup. Ct. 217; *State ex rel. Sayles v. Superior Court,* 120 Wash. 183, 206 Pac. 966.

It is our opinion that the ordinance in question is a valid exercise of the powers of the city of Sumner, and the judgment will stand affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.