[No. 22635. Department Two. December 23, 1930.]

SAMUEL HASTINGS et al., Appellants, v. THE CITY OF BREMERTON et al., Respondents.[1]

[1]Reported in 294 Pac. 551.

*Byers & Byers, Alfred J. Westberg,* and *McBurney & O'Brien,* for appellants.

*H. E. Gorman,* for respondents.

*Lundin, Barto & Devin, amicus curiae.*

BEALS, J.—Plaintiff Golden Rule Bakery is a corporation engaged in business in the city of Seattle as a baker, its products being distributed in that city and adjacent territory by agents who solicit patronage and who sell and deliver its bread and similar food stuffs from house to house, using motor trucks which follow regular routes. It employs fifty or sixty of these distributing agents, two of whom, plaintiffs Hastings and Johnson, were handling its business in the city of Bremerton.

March 27, 1930, ordinance No. 910 of defendant city of Bremerton, a municipal corporation of the second class, became effective, which ordinance provided for the licensing of peddlers and hawkers, fixing a license fee for the former in the sum of five dollars per day, or twenty-five dollars per month. The ordinance provided that persons violating the same should be guilty of a misdemeanor and subjected to certain penalties therein prescribed. Plaintiffs instituted this action against the city of Bremerton, its chief of police and police judge, praying for a decree against defendants enjoining the enforcement of the ordinance against plaintiffs Hastings and Johnson, or other employees of plaintiff Golden Rule Bakery, alleging in their complaint that the ordinance above referred to is in violation of certain statutes of the state of Washington hereinafter referred to, and that the ordinance is arbitrary and unreasonable and therefore invalid. The

trial resulted in a judgment denying plaintiffs any relief and dismissing the action, from which judgment plaintiffs appeal.

Appellants contend that the ordinance cannot be enforced as to them because of chapter 45, Laws of 1917, p. 199 (Rem. Comp. Stat., § 8343), which reads as follows:

"AN ACT relating to the disposal of certain products, and permitting farmers, gardeners and manufacturers to sell same without license, and amending section 7055 of Remington and Ballinger's Annotated Codes and Statutes of Washington.

"*Be It Enacted by the Legislature of the State of Washington:*

"Section 1. That section 7055 of Rem. & Bal. Code be amended to read as follows:

"Section 7055. It shall be lawful for any farmer, gardener or other person, without license, to sell, deliver or peddle, any fruits, vegetables, berries, butter, eggs, fish, milk, poultry, meats, or any farm produce or edibles raised, caught, produced or manufactured by such person in any place in this state, each and every day, except Sundays, and no city or town shall pass or enforce any ordinance prohibiting the sale by or requiring license from the producers and manufacturers of farm produce and edibles as herein defined, and all city or town ordinances in violation hereof are hereby declared void: Provided, That this section shall not prohibit the sale or delivery of dairy products on Sunday."

By chapter 57, Laws of 1893, p. 103, certain municipal corporations were granted, among other powers, the right to license all businesses carried on within their respective limits. This comprehensive authority was limited by chapter 62, Laws of 1897, p. 97, which reads as follows:

"AN ACT to permit farmers, gardeners and manufacturers to dispose of the products of their labor.

*"Be It Enacted by the Legislature of the State of Washington:*

"Section 1. It shall be lawful for any farmer, gardener or other person, without license, to sell, deliver or peddle, any fruits, vegetables, berries, butter, eggs, fish, milk, poultry, meats, or any farm produce or edibles raised, caught, produced or manufactured by such person in any place in this state, each and every day, except Sundays, and all city or town ordinances in violation hereof are hereby declared void, and no city or town shall pass or enforce any ordinance requiring license from the producers and manufacturers of farm produce and edibles as herein defined: Provided, That this act shall not prohibit the sale or delivery of dairy products on Sunday." Rem. Comp. Stat., § 8343.

This last mentioned act was amended by chapter 45, Laws of 1917, p. 199, *supra,* which has been neither amended, nor directly repealed.

Appellants contend that, under Rem. Comp. Stat., § 8343, above quoted, the city of Bremerton has no authority to exact any license fee from persons soliciting orders for or selling the products of appellant Golden Rule Bakery within the city of Bremerton. In support of their contention, appellants rely upon the use of the word "manufacturers" in the title of the act, as well as upon the language of the body thereof, arguing that appellant bakery is a manufacturer of edibles and is within the purview of the law. The title of chapter 62, Laws of 1897, p. 97, *supra,* is broad, declaring the purpose of the act to be "to permit farmers, gardeners and manufacturers to dispose of the products of their labor." The title of chapter 45, Laws of 1917, amendatory of the prior act, is more restricted, it relating only "to the disposal of certain products" which farmers, gardeners and manufacturers may sell without license. It is evident that fishermen are included within the purview of both acts, al-

though that class of producers is mentioned in neither title.

Appellants contend that the act is clear and not susceptible of judicial construction; that by its terms persons manufacturing food products in this state may sell the same therein free from interference by the legislative or executive authority of any city or town. We cannot agree with appellants' contention that the statute is unambiguous; on the contrary, it seems to us that the statute is extremely ambiguous, and that it is in fact most difficult to determine therefrom the legislative intent. Able and forceful arguments are advanced on each side of the question, and it has not been easy to determine which line of reasoning is the better or more logical. In the first place, however, bearing in mind the basic rules of statutory construction, we conclude that the words "or other person," contained in the phrase "farmer, gardener or other person," refer to classes similar to farmers and gardeners, and do not, even in consideration of the fact that the word "manufacturers" is used in the title of the act, include a manufacturer, using that word in the general sense. In the next place, we hold that, in the phrase "or any farm products or edibles," both the words "products" and "edibles" are modified by the word "farm," and that the word "manufactured," following the word "produced," refers to the processes of turning farm products or edibles into some other form, as cream is turned into butter or cheese, apples into cider, or pork into sausage.

It is true, as contended by appellants, that, in determining the meaning of the act in question, the title thereof should be considered (*State ex rel. Swan v. Taylor,* 21 Wash. 672, 59 Pac. 489; *State v. Pacific American Fisheries,* 73 Wash. 37, 131 Pac. 452; *Thayer v. Snohomish Logging Co.,* 101 Wash. 458, 172 Pac.

552), and it is also true that the history of similar legislation in this jurisdiction should be studied and the intent of the legislature determined from these and other pertinent matters. We are satisfied that the legislation here in question was enacted for the benefit of the farmers of this state, and not for the benefit of persons engaged in manufacturing, and that a holding that the act includes a person within this state who bakes into bread flour made from wheat raised and ground in this or another state, or who in this state makes into candy sugar grown and refined here or elsewhere, would extend the meaning of the act beyond the intent of the legislature.

Appellant urges that manufacturers of edibles within this state are within the purview of the act. It is, of course, true that farm produce is an extremely comprehensive term and includes many products, both edible and otherwise. Appellants seek to disassociate the word "edibles," as first used in the act, from that portion thereof immediately preceding it, and associate that word with the word "manufactured" almost immediately following it, thereby seeking a construction of the act which would bring within the terms thereof any manufacturer of edibles operating within this state.

We cannot adopt this line of appellants' argument. It would seem that if the word "manufactured" has the application contended for by appellants, it would also apply to nonedible farm produce manufactured in this state, which would bring within the benefits of the act persons manufacturing cloth from wool or cotton, or those who tan hides, as well as a great number of other manufacturers who convert raw materials produced on farms into an infinite variety of articles for human use. In the latter portion of the act, "the producers and manufacturers of farm produce and edi-

bles'' are exempted from the payment of any local
license. We are satisfied that the act cannot be con-
strued so as to link together ''manufacturers'' and
''edibles,'' the act, in our opinion, clearly contemplat-
ing that producers and manufacturers of both edible
and nonedible farm produce are by the act treated as
in the same classification, and that the ''manufacturer''
referred to in the act is the producer who by some
process himself converts his product into another form
for the market.

Many authorities are cited in which rules are laid
down which courts should follow in construing statutes.
In accomplishing such a task, the chief difficulty is
found, not in determining the general rules, but in ap-
plying them to particular cases. In the case at bar,
each party finds occasion to call attention to the fact
that it would have been very easy for the legislature,
by the addition or omission of a word or two, to have
made its meaning perfectly clear. This is undoubtedly
true, but the argument is as good on one side as the
other. The question upon the construction of the law
above quoted is in this case squarely presented and
must be determined.

After careful consideration, we have come to the con-
clusion that such a manufacturer as appellant Golden
Rule Bakery does not come within the purview of the
act, and that the ordinance of the city of Bremerton,
in so far as appellants are concerned, does not violate
the provisions of the statute.

Appellants next contend that the ordinance is
unreasonable in that the license fee required is exces-
sive and amounts to a prohibition of appellants' busi-
ness. It appears from the testimony that appellant
bakery makes an average profit of approximately
twenty dollars per month from the work done by each
of its agents engaged in the sale and distribution of

its products, and it is contended that the bakery could not operate its business at a profit if required to pay a license fee of twenty-five dollars per month for each of its agents so employed.

Appellants frankly admit that this court, in the cases of *McKnight v. Hodge,* 55 Wash. 289, 104 Pac. 504, 40 L. R. A. (N. S.) 1207, and *Sumner v. Ward,* 126 Wash. 75, 217 Pac. 502, held that license fees no less in amount than those provided for by the ordinance here in question were not so excessive as to warrant judicial interference, but contend that in those cases the questions submitted were rather abstract propositions, and that in neither case was any showing made as to the specific effect which the exaction of the license fee would have upon the business involved. It is, of course, true that such fees as are called for by the ordinance are greatly in excess of the mere cost to the city of the issuance of the license. Cases from other jurisdictions are cited in which license fees were held to be so excessive as to be unreasonable, one of the cases cited being that of *Real Silk Hosiery Mills v. Bellingham,* 1 Fed. (2d) 934, in which the United States district court for the western district of Washington held void an ordinance of the city of Bellingham which required a solicitor selling hosiery to pay a license fee of five dollars per day. Of course, a license fee of five dollars per day very greatly exceeds in amount a fee of twenty-five dollars per month.

In view of our prior holdings in the cases cited, we do not feel that it can be determined as matter of law that the ordinance here under attack requires the payment of fees so excessive as to render the ordinance void.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, MILLARD, and MAIN, JJ., concur.