[No. 32-40691-3.    Division Three.    December 19, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE SEGER,
*Appellant.*

*Edward H. McKinlay* (of *Horrigan, Sullivan & Mc-Kinlay*), for appellant (appointed counsel for appeal).

*Philip H. Faris, Prosecuting Attorney,* for respondent.

EVANS, C. J.—Defendant Seger appeals from jury verdicts of guilty to two counts of an information charging him with the willful, malicious and unlawful injury to personal property—a gross misdemeanor.

The controlling issue presented is whether the defendant

was properly charged with a gross misdemeanor under RCW 9.61.070, or whether he should have been charged, instead, with a misdemeanor under RCW 9.61.040.

Section 407 of chapter 249, Laws of 1909 (RCW 9.61.040) provides:

Sec. 407. *Injury to Property.*
Every person who shall wilfully—

. . .
. . . [d]estroy or damage, with intent to prevent or delay the use thereof, any engine, machine, tool or implement intended for use in trade or husbandry; . . .

. . .
[s]hall be guilty of a misdemeanor.

Section 415 of chapter 249, Laws of 1909 (RCW 9.61.070) provides:

Sec. 415. Injury to *Other Property.*
Every person who shall wilfully or maliciously destroy or injure any real or personal property of another, *for the destruction or injury of which no special punishment is otherwise specially prescribed,* shall—

. . .
[i]f the value of the property destroyed, or the diminution in value by the injury, shall be twenty dollars or more, be guilty of a gross misdemeanor.

(Italics ours.)

The defendant was charged with damaging three cranes located at a construction site at Central Ferry, Washington. The engine in one of the cranes was damaged by rifle fire. The radiators in the other two cranes were damaged by shotgun pellets. It is undisputed that, within the meaning of section 407, (1) the damage was inflicted upon an "engine" or "machine," and (2) the damaged property was "intended for use in trade." Since punishment is specially prescribed for damaging an "engine" or "machine" as a misdemeanor, the question is whether these facts foreclose the prosecuting attorney from bringing charges under the gross misdemeanor statute. Aside from any constitutional questions relating to equal protection, the answer depends upon the legislative intent in enacting section 415, *supra.*

■ As stated in *Krystad v. Lau*, 65 Wn.2d 827, 844, 400 P.2d 72 (1965):

> The guiding rule and our major goal in an inquiry of this sort is to seek out, ascertain and give effect to the legislature's intentions . . . ; and the process of attaining this goal evokes a number of familiar principles concerning problems of interpretation.

■ More general terms in a statute are interpreted in a manner consistent with and analogous to more specific terms of the statute. *State v. Roadhs*, 71 Wn.2d 705, 430 P.2d 586 (1967). A headnote intended by the legislature as a title or an index to the particular section to which it appertains, must be given at least as much weight as the title of the act in determining legislative intent. *State v. Crothers*, 118 Wash. 226, 203 P. 74 (1922). Express mention of one thing in a statute implies exclusion of another, and where a statute expressly designates things to which it refers, there is an inference that all omissions were intended by the legislature. *Bradley v. Department of Labor & Indus.*, 52 Wn.2d 780, 329 P.2d 196 (1958); *State v. Roadhs, supra.*

■ Applying the foregoing considerations to a determination of the legislative intent in enacting section 415, we hold that when the legislature specified "other property" for the damage to which no punishment is prescribed, it did so intending to mean property other than that specified in the previous section 407, the damage to which was specially prescribed.

The fact that different elements of proof are required to establish a violation of one statute than are required to establish a violation of the other does not change the character of the property involved.

The defendant was charged, convicted and sentenced for the violation of a statute which by its terms excluded the property defendant was charged with damaging.

The judgment and sentence are reversed.

GREEN and MUNSON, JJ., concur.

———

Petition for rehearing denied January 21, 1970.