[No. 711-2.    Division Two.    April 5, 1973.]

THE STATE OF WASHINGTON, *Appellant*, v. EDGAR M. BROWN, *Respondent.*

*John C. Merkel, Prosecuting Attorney,* and *Stephen E. Alexander, Deputy,* for appellant.

*Farrell E. Cook,* for respondent.

PETRIE, J.—The defendant was charged by amended information with the crime of concealing an escaped prisoner. Following a jury verdict of guilty, the defendant filed a motion for an order in arrest of judgment or, in the alternative, a new trial on the grounds that he did not conceal an "escaped prisoner" under the statutory definition of that term, and that the evidence was insufficient to support the verdict. His motion for new trial was based upon the trial court's refusal to present two proposed instructions to the jury. The trial court granted the motion in arrest of judgment and denied the motion for a new trial. The state appeals from the granting of the motion in arrest of judgment and the defendant cross-appeals from the order denying his motion for a new trial.

The uncontroverted evidence in this case reveals that Stanley Wayne Kropp was convicted of second-degree burglary in 1966 and sentenced to the state reformatory at Monroe. In 1971, Kropp was placed on a work release program and transferred to Ronald Hall Halfway House in Seattle, a private facility supervised by the Department of Social and Health Services. In March, 1971, he left his place of employment and failed to return to Ronald Hall. He proceeded instead to Kitsap County where he remained

until apprehended approximately one month later. On April 19, 1971, officers of the Kitsap County and Pierce County Sheriff's offices searched the residence of the defendant on three separate occasions. The first two visits were fruitless, but on the third search Kropp was discovered hiding in a bedroom.

The appeal by the state raises but one issue: Does a person commit the crime of concealing an escaped prisoner, as defined by RCW 9.31.050, when he conceals someone who has failed to return to his designated confinement facility after release under a work release program as authorized by RCW 72.65? We answer this question in the affirmative and conclude the trial court erred in ruling to the contrary.

RCW 9.31.005 defines escape as:

the unlawful *departure* of a prisoner *from* the *custody* of a penal or correctional institution of the state of Washington, with or without the exertion of force or fraud in the execution thereof.

(Italics ours.) RCW 9.31.010 provides:

Every prisoner confined in a prison, *or being in the lawful custody of an officer or other person, who escapes* or attempts to escape *from* such prison or *custody* if he is held on a charge, conviction, or sentence of a felony, shall be guilty of a felony; if held on a charge, conviction, or sentence of a gross misdemeanor or misdemeanor, he shall be guilty of a misdemeanor.

(Italics ours.)

RCW 9.31.050, the statute the defendant was charged with having violated, states:

Every person who shall conceal, or harbor for the purpose of concealment, a prisoner *who has escaped* or is escaping *from custody*, shall be guilty of a felony if the prisoner is held upon a charge or conviction or sentence of felony, and of a misdemeanor if the prisoner is held upon a charge or conviction of a gross misdemeanor or misdemeanor.

(Italics ours.)

In granting the defendant's motion in arrest of judgment, the trial court ruled that the statutory scheme of RCW 9.31 does not contemplate the punishment of one who fails to return from a work release program; accordingly, the defendant's act of concealing Kropp was not an activity proscribed by RCW 9.31.050. The court determined that a critical distinction, fatal to any effective prosecution under the "concealment" statute, exists between concealing a person who has simply *failed to return* to his designated place of confinement after release under a work release program and concealing a person who *unlawfully departed* from the custody of a penal or correctional institution. A review of the work release program established by RCW 72.65 convinces us the trial court erred in holding that one who fails to return from such a program is not an "escaped prisoner" within the ambit of RCW 9.31.

Under RCW 72.65.020, as augmented by RCW 43.20A.210, the secretary of social and health services, or his designee:

> is authorized to *extend the limits of the place of confinement* and treatment within the state of any prisoner convicted of a felony, sentenced to a term of confinement and treatment by the superior court, and serving such sentence in a state correctional institution under the jurisdiction of the department, by authorizing a work release plan for such prisoner, permitting him, under prescribed conditions, to do any of the following:
>
> . . .
>
> Such work release plan of any prison shall require that he be confined during the hours not reasonably necessary to implement the plan, in (1) a state correctional institution, (2) a county or city jail, . . . or (3) *any other appropriate, supervised facility,* . . .

(Italics ours.) Then, under RCW 72.65.070 it is provided that:

> *Any prisoner* approved for placement under a work release plan *who wilfully fails to return to the designated place of confinement* at the time specified *shall be deemed an escapee* and fugitive from justice, *and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of chapter 9.31 RCW.* The

provisions of this section shall be incorporated in every work release plan adopted by the department.

(Italics ours.)

Preliminarily, we note that the guiding principle in an inquiry into construction or interpretation of a statute is to ascertain and give effect to the intentions of the legislature. *State v. Seger,* 1 Wn. App. 516, 463 P.2d 185 (1969). Penal statutes are to be strictly construed, to the end that activities not intended to be included within the ambit of the statute shall not be prosecuted. This does not mean, however, that a forced, narrow, or over-strict construction should be applied to defeat the obvious intent of the legislature. *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). It is the function of the court to adopt a construction of the statute that is reasonable and in furtherance of the obvious purpose for which it was enacted. *State v. Lee,* 62 Wn.2d 228, 382 P.2d 491 (1963).

Guided by this admonition we are satisfied that the state legislature, in enacting the work release program, clearly intended to include a nonreturnee from such program under the provisions of RCW 9.31.005.

RCW 72.65.020 permits a prisoner's place of confinement to be extended to any appropriate, supervised facility. Ronald Hall, where Kropp was confined while not at his place of employment, was such a facility. Kropp was lawfully *confined* in the Ronald Hall Halfway House. The privilege of work release merely extended the limits of his confinement. Until his discharge he remained under the legal restraint of his sentence and in the constructive custody of the Monroe Reformatory. His willful and intentional departure from the restraints imposed upon him by the program constituted an escape, and subjected anyone who knowingly concealed him to the criminal sanctions imposed by RCW 9.31.050.

Our holding is in conformity with the decisions of other jurisdictions which have passed upon the question. *See State v. Furlong,* ............... R.I. ..............., 291 A.2d 267 (1972);

*People v. Haskins,* 177 Cal. App. 2d 84, 2 Cal. Rptr. 34 (1960); *State v. Kiggins,* 86 S.D. 612, 200 N.W.2d 243 (1972).

Brown, however, argues that even if he is subject to the provisions of RCW 9.31.050, the motion in arrest of judgment was properly granted. It is his contention that the evidence of "concealing" an escaped prisoner was insufficient to warrant submission of the issue of concealment to the jury.

Interpreting the evidence most strongly against the defendant and in the light most favorable to the state, as we must in considering this motion, we find that there was evidence introduced from which the jury could have found that the defendant did harbor Kropp for the purpose of concealment. There was testimony that Brown knew Kropp was a fugitive and wanted by the police; that he refused to allow the police to search his residence for approximately 35 minutes on the occasion when Kropp was found inside; that after the two unsuccessful searches, police, who had surrounded the defendant's trailer home, did not see Kropp enter before the final search; and that Kropp was, in fact, found hiding in a bedroom in the defendant's residence.

Although the evidence was entirely circumstantial and conflicting in many respects, we find there was sufficient evidence to submit to the jury the question of whether or not Brown intentionally concealed Kropp with the knowledge that he was an escaped prisoner. There was sufficient evidence to establish more than mere presence of an escaped felon in the defendant's home. Where there is any evidence such that reasonable minds may draw different conclusions therefrom, the question is for the jury. *State v. Pristell,* 3 Wn. App. 962, 478 P.2d 743 (1970).

By his cross-appeal defendant asserts the trial court erred in denying his motion for a new trial. Brown contends the trial court erred by refusing to give two of his proposed instructions which purported to state the law regarding escape and concealment. We are satisfied, however,

that the instructions actually given did amply cover the applicable legal principles and allowed the defendant to adequately argue his theory of the case. It is sufficient if, as here, the subject of the proposed instructions is correctly covered in other instructions under which the defendant has a satisfactory opportunity to argue his theory of the case to the jury. *State v. Elder,* 70 Wn.2d 414, 423 P.2d 533 (1967). There was no error in the trial court's denial of the defendant's motion for a new trial.

The order of the trial court is reversed and the cause remanded with instructions to enter judgment upon the verdict of the jury, and to impose such sentence as is deemed appropriate by the trial court.

PEARSON, C.J., and ARMSTRONG, J., concur.