[No. 902-2.    Division Two.    November 1, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. ALVIN MATUSKA, *Appellant.*

*James J. Solan,* for appellant (appointed counsel for appeal).

*L. Edward Brown, Prosecuting Attorney,* and *David Foscue, Deputy,* for respondent.

PETRIE, J.—The defendant was found guilty by jury verdict of the crime of "escape." His appeal to this court from the judgment and sentence subsequently entered contends that the trial court erred (1) in failing to grant his motion to dismiss the action because he was not brought to trial within 60 days after the information had been filed against him; and (2) in failing to grant his motion for a change of venue from Grays Harbor County to Jefferson County.

The record reveals that on May 25, 1972, following his plea of guilty to the crime of possession of a controlled substance, the defendant had been sentenced to confinement for not more than 5 years to such correctional facility as the Secretary of the Department of Social and Health

Services shall deem appropriate. On June 22, 1972 the defendant was transferred to the Clearwater Honor Camp at Forks, in Jefferson County, Washington.

The record also reveals that on July 4, 1972 the defendant was assigned to a fire crew under the supervision of a crew supervisor of the Department of Natural Resources. The crew, including Mr. Matuska, departed the Clearwater Honor Camp and proceeded to Grays Harbor County where it was assigned mopping up duties in a slash fire area near the mouth of the Quinault River. Sometime before noon on July 4, 1972, Mr. Matuska's crew supervisor discovered that he was unaccountably missing from the crew. After a search the supervisor reported that he could not find Mr. Matuska.

Matuska was subsequently arrested and on July 12, 1972 he was charged in Grays Harbor County Superior Court with the crime of escape. Trial commenced September 13, 1972. At the beginning of the trial, the defendant moved that the information be dismissed because he had not been brought to trial within 60 days of the date of filing thereof. At the close of the trial the defendant, in effect, moved to dismiss the information because he had been tried in the wrong county—his contention being that the proper county for venue was Jefferson County. The trial court denied both motions. We agree with both decisions.

The defendant was tried 63 days after the information had been filed. His motion to dismiss for failure to be brought to trial within 60 days after the information was filed, made at the commencement of trial, came too late. *State v. Keller*, 65 Wn.2d 907, 400 P.2d 370 (1965).

The defendant was clearly tried in the proper county. He was transferred to a branch institution established in Jefferson County pursuant to RCW 72.64.050.[1] He contends

---

[1]RCW 72.64.050 provides: "The director shall also have the power to establish temporary branch institutions for the state penitentiary, state reformatory and other penal and correctional institutions of the state in the form of honor camps for the employment of prisoners therein in farming, reforestation, wood-cutting, land clearing, processing of foods

that, if he committed any crime, it occurred when he failed, pursuant to his work release program, to return to his place of confinement in Jefferson County. The simple answer to that proposition is that he was not engaged in a work release plan under RCW 72.65. He was not, therefore, nor could he have been, charged with violation of RCW 72.65.070—as one who "wilfully fails to return to the designated place of confinement."[2] *See State v. Brown*, 8 Wn. App. 639, 509 P.2d 77 (1973).

■ His work assignment under RCW 72.64 took him to Grays Harbor County where he was assigned specific fire fighting duties. While he was in Grays Harbor County he was under the custody of his immediate supervisor. While he was in Grays Harbor County he unlawfully departed from the lawful custody of the person in whose custody he then was. He violated the provisions of RCW 9.31.010,[3] and thus committed the crime of escape, when he was in Grays Harbor County—not Jefferson County.

Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

---

in state canneries, *forest fire fighting,* forest fire suppression and prevention, stream clearance, watershed improvement, development of parks and recreational areas and other work to conserve the natural resources and protect and improve the public domain and construction of water supply facilities to state institutions." (Italics ours.)

[2]RCW 72.65.070 provides: "Any prisoner approved for placement under a work release plan who *wilfully fails to return to the designated place of confinement* at the time specified shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of chapter 9.31 RCW. The provisions of this section shall be incorporated in every work release plan adopted by the department." (Italics ours.)

[3]RCW 9.31.010 provides: "Every prisoner confined in a prison, or *being in the lawful custody of an officer or other person,* who escapes or attempts to escape from such prison or custody if he is held on a charge, conviction, or sentence of a felony, shall be guilty of a felony; if held on a charge, conviction, or sentence of a gross misdemeanor or misdemeanor, he shall be guilty of a misdemeanor." (Italics ours.)