[No. 1979-1. Division One. December 17, 1973.]

ETHEL H. CUMMINGS, *Individually and as Administratrix, Respondent,* v. PACIFIC STANDARD LIFE INSURANCE COMPANY, *Appellant.*

*Ryan, Bush, Swanson & Hendel* and *Dale E. Kremer,* for appellant.

*McIntosh & Simmons* and *John R. Simmons,* for respondent.

HOROWITZ, J.—Defendant insurance carrier appeals a judgment in favor of a beneficiary under an accidential death benefit policy issued upon the life of Richard Ferguell. The facts are briefly these.

On the early morning of April 15, 1971, Richard Ferguell was driving his automobile in the vicinity of 15th Avenue N.W. and Holman Road in the city of Seattle. Heading northbound on Holman Road, he collided with two southbound automobiles. Striking the left rear of the first southbound vehicle, the Ferguell car went into a slide and was struck on the right side by the front of the second. Ferguell

was thrown from his car and killed. An investigator for the King County Medical Examiner's office, who later arrived at the accident scene, testified that upon examining Ferguell's remains, "I observed and smelled a strong odor of alcohol . . ." Thereafter, the investigator took a blood sample. Upon examination by the King County Medical Examiner's staff toxicologist, it was determined that Mr. Ferguell had a blood alcohol content of .2 percent by weight. There was expert testimony that such a person would be incapable of driving an automobile. A police officer who investigated the accident after its occurrence expressed the opinion, based on the location of the cars and their damaged condition, that decedent immediately prior to the accident was driving over 70 m.p.h. in a 30 m.p.h. zone, and the "accident was caused by a very extreme high rate of speed and possibly alcohol."

Defendant insurance company's accident insurance policy naming decedent as insured, outstanding at date of his death, contained two exceptions reading:

> ILLEGAL OCCUPATION: The Company shall not be liable for any loss to which a contributing cause was the Insured's commission of or attempt to commit a felony or to which a contributing cause was the Insured's being engaged in an illegal occupation.

> INTOXICANTS AND NARCOTICS: The Company shall not be liable for any loss sustained or contracted in consequence of the Insured's being intoxicated or under the influence of any narcotic unless administered on the advice of a physician.

Defendant refused to pay the policy proceeds claiming the policy exceptions applied. Plaintiff then sued defendant and recovered judgment on the ground defendant had not sustained the burden of proving the policy exceptions applicable. Defendant's appeal followed.

Defendant assigns error to the trial court's conclusion and judgment defendant was liable, and to the court's refusal to enter defendant's proposed findings and conclusions generally to the effect the insured's death was caused by his driving at excessive speed with loss of control of his

car, all resulting from his intoxication. Defendant argues it is not liable because decedent insured was (1) "intoxicated" while driving in violation of RCW 9.91.020 as construed in *State v. Crothers,* 118 Wash. 226, 228-29, 203 P. 74 (1922); (2) while so intoxicated he drove his car at an extremely high rate of speed, losing control of his car; (3) the illegal occupation policy exception applies because the insured's illegal conduct was "a contributing cause" of "any loss"; and (4) the intoxicants and narcotics policy exception applies because the loss was sustained "in consequence of the Insured's being intoxicated . . ." We need consider only the assignments of error on the issue of causal relationship between insured's death and the intoxication claimed. If the court correctly refused defendant's proposed findings and conclusions the insured's death was caused by his intoxication, then the judgment must be affirmed. The mere refusal of defendant's proposed findings decedent was intoxicated while driving until the collision occurred, without a further finding of causal connection between the intoxication and death, at best would be harmless error.

■ The illegal occupation policy exception requires proof the conduct described be "a contributing cause" of the death. The intoxicants and narcotics policy exception requires the loss be sustained "in consequence of the Insured's being intoxicated . . ." The language last quoted requires a showing of some "causal connection" between the intoxication and the death. *Rivers v. Conger Life Ins. Co.,* 229 So. 2d 625 (Fla. Ct. App. 1969); *Outlaw v. Calhoun Life Ins. Co.,* 238 S.C. 199, 119 S.E.2d 685 (1961). In *Interstate Life & Accident Ins. Co. v. Gammons,* 56 Tenn. App. 441, 408 S.W.2d 397 (1966), the court discussed the meaning of the phrase "loss sustained or contracted in consequence of the insured's being intoxicated." It said:

> [T]he Insurer is excepted from liability only if it proves insured's intoxication was *"the",* not *"a"*, proximate cause of death. Since the exception is susceptible of the interpretations we have indicated we must adopt that interpretation favorable to the insured.

*Interstate Life & Accident Ins. Co. v. Gammons, supra* at 446.

■ The insurance company has the burden of proving by a preponderance of the evidence that either or both policy exceptions apply. *Rivers v. Conger Life Ins. Co., supra; Interstate Life & Accident Ins. Co. v. Gammons, supra.* The burden includes the burden of establishing the required causal connection.

■ In the instant case, the trial court determined defendant failed to sustain the required burden of proof. There is no express finding insured's death was caused in whole or in part by the intoxication required to be shown. Findings No. 6 and 7 read:

### VI.

The immediate cause of death was a crushing basal fracture of the skull with a ruptured heart and aorta and other multiple fractures.

### VII.

The said injuries resulted from a collision immediately prior to his death between the motor vehicle driven by Richard Ferguell and other motor vehicles.

These findings fall short of what is required—a material omission. Defendant's failure to obtain that finding means "the fact is deemed to have been found against the party having the burden of proof." *McCutcheon v. Brownfield,* 2 Wn. App. 348, 356, 467 P.2d 868 (1970). The omission of the required finding is not accidental. The court's oral opinion states:

A person could be intoxicated . . . but this would not mean that his intoxication was a proximate cause of his death.

Here the evidence has not excluded the possibility of automobile failure, a mechanical failure of some kind. It has not excluded fault on the part of another motorist or motorists. And these are matters that are legitimate inferences from the testimony that has been presented and which would cause difficulty in making a finding by a preponderance of the evidence.

There has been no showing that the drivers of the other automobiles involved were unavailable for testimony or to present evidence, and there has been testimony of no eyewitness to the accident.

Substantial evidence supports the court's necessarily implied finding the required causal relationship had not been established. Seattle Police Officer Fogus testified he made no investigation of the Ferguell car or any of the cars involved in the accident to determine whether there had been a mechanical failure. Thus, he did not check for a defective front suspension on decedent's car, nor for any broken motor mount; nor when a flat tire found by him at the scene of the accident went flat. He did not check to determine the condition of damage or nondamage on decedent's car immediately prior to the accident, nor did he check to determine if the accident was caused by a stuck gas pedal. Officer Fogus' answer to the last question of a series asked of him on cross-examination summarizes his testimony:

> Q: To summarize, Officer, am I correct if I state that you made no examination of the Ferguell car to determine whether or not there had been any mechanical defect causing a collision?
> A: That's right, I did not.

We find no error.

Affirmed.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied March 5, 1974.

Review denied by Supreme Court April 30, 1974.