**UNITED STATES of America; Federal Bureau of Investigation, Plaintiffs–Appellees,**

v.

**Scotland E. WILLIAMS, Defendant–Appellant.**

No. 98–1947.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 25, 1999.

Decided March 11, 1999.

**ARGUED:** Nancy Susanne Forster, Public Defender's Office, Baltimore, Maryland,

for Appellant. Charles Joseph Peters, Sr., Assistant United States Attorney, Baltimore, Maryland, for Appellees. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellees.

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by published opinion. Judge TRAXLER wrote the opinion, in which Judge WILKINS and Judge MICHAEL joined.

## OPINION

TRAXLER, Circuit Judge:

This appeal arises out of appellant Scotland E. Williams'("Williams") attempt to subpoena files from the Federal Bureau of Investigation ("FBI") in connection with his prosecution by the State of Maryland for murder, and the state court's subsequent issuance of a show cause order to the FBI for its refusal to comply with the subpoena. After the matter was removed to federal court, the district court issued an order quashing the state court subpoena and show cause order. Because the state court lacked jurisdiction to compel the FBI to produce its files, we affirm.

### I.

In 1994, Williams was indicted for the murders of Jose Trias and Julie Gilbert in the Circuit Court for Anne Arundel County, Maryland. During the investigation of the murders, the FBI provided investigative assistance at the request of state officials. Williams was later tried, convicted, and sentenced to death, but the conviction was overturned on appeal. *See Williams v. State*, 342 Md. 724, 679 A.2d 1106 (1996).

In October 1997, pending his second trial on the state murder charges, Williams served a state court subpoena upon the local custodian of records for the FBI, requesting production of all FBI files relating to the state

homicide investigation. Williams claimed that the FBI files contained exculpatory evidence to which he was entitled.

The FBI refused to respond to the state court subpoena because it did not comply with the federal regulations governing the production and disclosure of information by the Justice Department in federal and state court proceedings. *See* 28 C.F.R. §§ 16.21–16.29 (1998).[1] Williams was advised that the subpoena had to be accompanied by a written statement identifying the specific information requested and explaining its relevance to the state proceeding at issue. *See* 28 C.F.R. § 16.22(d).

Williams then filed a motion in the state circuit court, requesting an order directing the issuance of a subpoena *duces tecum* to the custodian of records for the FBI. The state court granted the motion, directing that the custodian of records produce the requested FBI files at the office of defense counsel. The FBI removed the case to district court pursuant to 28 U.S.C.A. § 1442(a)(1) (West Supp.1998), and filed a motion to quash the subpoena. The district court, however, remanded the case, ruling that there had not been a commencement of a civil action against the FBI under § 1442(a)(1) because no "coercive power of the state court" had been exercised to enforce the subpoena.

Following remand, the state court ordered the custodian of records for the FBI to appear and show cause why he should not be held in contempt for failing to comply with the court's previous order directing production. The FBI again removed the case to the district court under § 1442(a)(1), and moved to quash the subpoena and the order to show cause. The district court summarily granted the motion to quash, and denied Williams' subsequent motion for reconsideration, ruling that the FBI had properly refused production under the applicable Justice Department regulations and that the doctrine of sovereign immunity shielded the FBI from being compelled by the state court to produce its files.[2] This appeal followed.

---

1. The FBI also advised Williams that the subpoena would not be honored because it failed to comply with the Privacy Act. *See* 5 U.S.C.A. § 552a(b)(West 1996 & Supp.1998).

2. On March 27, 1998, Williams made a separate request for information pursuant to the Justice Department regulations, listing the specific information sought. The FBI responded to this re-

## II.

This case places before the court the issue of whether a state court has jurisdiction to compel the FBI to produce documents subpoenaed by a defendant in the course of a state criminal prosecution. We conclude that it does not.

## A.

Under 5 U.S.C.A. § 301 (West 1996), commonly known as the "Housekeeping Statute," federal agencies are granted authority to prescribe regulations governing the agency, including regulations for "the custody, use, and preservation of its records, papers, and property." The statute also provides that "[t]his section does not authorize withholding information from the public or limiting the availability of records to the public." *Id.*

Pursuant to this authority, the Justice Department promulgated a regulation that governs the production of information in the course of a proceeding in which the United States is not a party:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official. . . .

28 C.F.R. § 16.22(a). In addition to imposing this prohibition on the disclosure of information without prior approval, the regulations outline the manner in which Justice Department information must be requested, specify the officials charged with making the decision whether to disclose information, and identify the factors to be considered by the officials in making that decision. *See* 28 C.F.R. §§ 16.24–16.29.

In *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), the United States Supreme Court recognized the validity of a Justice Department order—a predecessor to 28 C.F.R. § 16.22(a)—which restricted the disclosure of information pursuant to the Housekeeping Statute, noting that "[w]hen one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious," *id.* at 468, 71 S.Ct. 416. Relying upon *Touhy*, we recently recognized the validity of 28 C.F.R. § 16.22 in *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir.1998).

The issue of a state court's jurisdiction to compel federal officials to produce documents is also not new to us. In *Smith*, we held that an order of a state court seeking to compel a federal official to comply with a state court subpoena is "an action against the United States, subject to the governmental privilege of sovereign immunity." *Smith*, 159 F.3d at 879. Unless such immunity is waived, the state court "lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction." *Id.* And because "a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction," the federal court can acquire no jurisdiction to enforce a state court subpoena or order upon removal. *Id.; see also Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir.1989) (holding that *Touhy* authorizes federal agencies to control the dissemination of information, and that "[t]he doctrine of sovereign immunity precludes the state court—and the federal court which gained limited jurisdiction upon removal—from exercising jurisdiction to compel [a federal officer] to testify contrary to [the agency's] instructions").

quest on April 24, 1998. There is no indication that Williams appealed the agency's decision to the district court pursuant to the Administrative Procedure Act. *See* 5 *U.S.C.A.* § 702 (West 1996). On May 28, 1998, Williams was again convicted of the Trias/Gilbert murders and received a sentence of life imprisonment without the possibility of parole.

## B.

■ Despite these precedents, Williams now seeks to have us carve out an exception to the doctrine of sovereign immunity, and rule that he need not have complied with the Justice Department's regulations, because the FBI was assisting state authorities in their investigation of the state crimes for which he was ultimately indicted. Under these circumstances, Williams argues, the FBI should not be allowed to require compliance with the regulations or claim the defense of sovereign immunity to ignore a state court subpoena. Williams also contends that requiring his compliance with the regulations would be tantamount to sanctioning a federal agency's decision to withhold potentially exculpatory evidence from a state criminal defendant. We disagree.

By requiring that a state criminal defendant comply with the Justice Department's regulations as a prerequisite to obtaining potentially exculpatory information, we in no way authorize the FBI to withhold such information where it has participated in the investigation of the alleged crimes at issue.[3] Nor do we deprive the state criminal defendant of meaningful judicial review of the FBI's response to such a request.

■ Under the Justice Department regulations, a state criminal defendant is simply required to serve upon agency officials, in addition to his state court subpoena or other demand for information, a response to the United States Attorney's request for a summary of the information sought and its relevance to the proceeding. *See* 28 C.F.R. § 16.22(d). If dissatisfied with the agency's response to the request, the defendant is not without recourse. The proper method for judicial review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act ("APA"). *See*

5 U.S.C.A. §§ 701—706 (West 1996). *See Smith,* 159 F.3d at 881 (noting that defendant's "remedy, if any, for the Justice Department's actions in the instant case may be found in the [APA] ... which expressly limits such review authority to the federal courts").[4] On review, district courts have jurisdiction to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including action that is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C.A. § 706(2)(A)-(B). In addition, the APA vests the district court with authority to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.A. § 706(1). Therefore, a state criminal defendant, aggrieved by the response of a federal law enforcement agency made under its regulations, may assert his constitutional claim to the investigative information before the district court, which possesses authority under the APA to compel the law enforcement agency to produce the requested information in appropriate cases.

## III.

For the foregoing reasons, the order of the district court is affirmed.

*AFFIRMED*

---

**3.** Indeed, although the FBI contests that exculpatory evidence existed in the files requested by Williams, it does not contend that it may withhold such information in general. Because Williams failed to follow the proper procedure to obtain the FBI files, the district court lacked jurisdiction to review the files or compel their production, and we likewise express no opinion on whether Williams was deprived of exculpatory information in his state criminal trial.

**4.** Under the regulations, state subpoenas are referred to the United States Attorney for the district where the state court is located. *See* 28 C.F.R. §§ 16.21—16.22. At oral argument, the government asserted and Williams did not dispute that the United States Attorney's response to a subpoena constitutes final agency action for purposes of the APA.