**Samuel Lee JOHNSON, Plaintiff,**

v.

**Janet RENO, in her official capacity as Attorney General; United States Department of Justice; Bureau of Alcohol, Tobacco and Firearms; John W. Magaw, in his official capacity as Director (ATF); Drug Enforcement Agency; Donnie R. Marshall in his official capacity as Acting Administrator (DEA); Immigration and Naturalization Service; Doris Meissner, in her official capacity as Commissioner (INS), Defendants.**

No. C–99–5449 SC.

United States District Court, N.D. California.

March 8, 2000.

Kimberly Kupferer, James McWilliams, Assistant Public Defenders, Oakland, CA, for plaintiff.

Jocelyn Burton, Emily Kingston, Assistant U.S. Attorneys, U.S. Attorney's Office, San Francisco, CA, for defendants.

## ORDER RE PLAINTIFF'S MOTION FOR INJUNCTION AND/OR WRIT OF MANDAMUS

CONTI, District Judge.

Samuel Lee Johnson ("Plaintiff") brings this action against Janet Reno, in her official capacity as Attorney General ("Reno"); the United States Department of Justice ("DOJ"); the Bureau of Alcohol, Tobacco and Firearms ("ATF"); John W. Magaw, in his official capacity as Director of the ATF ("ATF Director"); the Drug Enforcement Agency ("DEA"); Donnie R. Marshall in his official capacity as Acting Administrator of the DEA ("DEA Administrator"); the Immigration and Naturalization Service ("INS"); and Doris Meissner, in her official capacity as Commissioner of the INS ("INS Commissioner"), to compel the production of documents and testimony from these federal agencies. The underlying action is *People v. Samuel Johnson* in which Plaintiff was charged with two counts of homicide with special circumstances, and for which the State of California is seeking the death penalty.

The issue before this Court is whether or not the Defendant federal agencies and agency heads, as third parties to an underlying state criminal action, can be compelled to produce the information and testimony requested by Plaintiff. In this case, the ability of the state court litigant to obtain information from the third party federal agencies is particularly important in light of the serious criminal charges he is facing. Judge Learned Hand's opinion in *United States v. Andolschek*, 142 F.2d 503, 506 (2d Cir.1944), is instructive on this point. Judge Hand writing for the Second Circuit, held that although it is lawful for a department of the government to suppress documents, even when they will help determine controversies between third persons, this does not include the suppression of information in a criminal prosecution. *Id.* at 506.

Although it has not directly ruled on the issue before this Court, the Ninth Circuit has held that district courts have the power to compel third party federal agencies to produce requested documents and testimony. In *In re Recalcitrant Witness Boeh v. Gates*, 25 F.3d 761 (9th Cir.1994), the Ninth Circuit stated that the appropriate means for challenging a federal agency's refusal to produce testimony or documents is either an action under the Administrative Procedure Act or a mandamus action, both of which Plaintiff has now brought before this Court. *See also Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986); *Elko County Grand Jury v. Siminoe*, 109 F.3d 554 (9th Cir.1997). Although the underlying matters in these cases were civil and not criminal, given the more serious constitutional concerns of a criminal proceeding, a district court should at the very least retain the power enunciated in these cases.

The Fourth Circuit in *United States v. Williams*, 170 F.3d 431 (4th Cir.1999), held that an APA action was in fact the proper means for challenging a federal agency's refusal to produce information to a criminal defendant in state court. 170 F.3d at 434. It was noted that section 706(2)(A)-(B) gives district courts jurisdiction to "set aside agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' including action that is 'contrary to constitutional right, power, privilege, or immunity.'" *Id.* (quoting 5 U.S.C.A. § 706(2)(A)-(B)). The Fourth Circuit concluded that, "a state criminal defendant, aggrieved by the response of a federal law enforcement agen-

cy made under its regulations, may assert his constitutional claim to the investigative information before the district court, which possesses authority under the APA to compel the law enforcement agency to produce the requested information in appropriate cases." *Id.* This Court agrees.

It appears to this Court that several federal agencies, including the ATF, DEA and FBI, were intimately involved in the investigation which led to Plaintiff's arrest. By virtue of their participation in this investigation, these agencies may have in their possession information helpful to Plaintiff's defense.

At a hearing before this Court on March 8, 2000, Plaintiff indicated that he has been frustrated by the Defendant Agencies in his attempts to obtain relevant materials that would, in a federal criminal trial, be discoverable under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Plaintiff further contends that the materials he seeks contain information that is either exculpatory or relates to the credibility of witnesses in the case against him. Plaintiff has also stated that Defendant Agencies complied with information requests from the state prosecutor and law enforcement agencies and yet refused to honor similar requests from Plaintiff for relevant materials. This Court finds that the materials requested by Plaintiff relate directly to, and effect his defense in the underlying criminal matter.

This Court hereby finds that Plaintiff has demonstrated that Defendants should be compelled to produce the requested materials under the requirements of 5 U.S.C.A. § 706(2)(A)-(B) of the Administrative Procedure Act. In reviewing the Defendant agencies respective determinations not to produce the materials requested by Plaintiff, this Court finds that these determinations are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and further are contrary to Plaintiff's constitutional rights. *See* 5 U.S.C.A. § 706(2)(A)-(B).

In the alternative, this Court finds that Plaintiff has demonstrated that he meets the requirements for the issuance of a writ of mandamus because: 1) Plaintiff's claim is "clear and certain"; 2) Defendants have ignored and/or violated the standards delimiting the manner in which their discretion to produce documents or testimony to third parties can be exercised; and 3) no other adequate remedy is available. *See Fallini v. Hodel,* 783 F.2d 1343, 1345 (9th Cir.1986); *Davis Associates, Inc. v. Secretary, Dept. of Housing and Urban Development,* 498 F.2d 385, 389 n. 5 (1st Cir. 1974).

In light of the dire nature of Plaintiff's circumstances, Defendants' refusal to produce the requested documents is unconscionable, unsupportable and in violation of Plaintiff's constitutional rights. Therefore, this Court HEREBY GRANTS Plaintiff's Motion for Injunction and/or Writ of Mandamus and DENIES Defendants' Counter Motion to Dismiss the Complaint.[1] Defendants are HEREBY ORDERED to furnish and deliver to Plaintiff, within ten days of this order, the following materials:

1. All reports, notes, tests, test reports including those relating to Gabriela Gomez, Robert Glover, the Ruger .22 caliber pistol, and the Colt .45 caliber auto pistol.

2. All witness statements made that either contain exculpatory information or go to credibility of persons connected to the prosecution of Plaintiff.

The foregoing Order only pertains to information that relates to the prosecution of Plaintiff.

IT IS SO ORDERED.

---

1. This Court explicitly rejected Defendants' argument that this case should be dismissed on res judicata or issue preclusion grounds at a hearing before this Court on March 8, 2000.