FILED
COURT OF APPEALS
DIVISION II

2014 DEC -9 AM 10: 30

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| STATE OF WASHINGTON, | No. 44761-4-II |
| --- | --- |
| Appellant, | |
| v. | |
| DARIN RICHARD VANCE, | PUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — The State appeals the trial court's order dismissing with prejudice charges against Darin Richard Vance based on the State's failure to produce federal agents for interviews. Based on a federal investigation, the State searched Vance's home and charged him with various child pornography-related offenses. The trial court authorized Vance to subpoena federal investigators for depositions and subsequently ordered the agents to submit to depositions. When the federal agents failed to comply, the trial court redacted the search warrant to remove all information obtained by the agents. The trial court then retested the search warrant for probable cause, suppressed all of the evidence obtained under the warrant, and dismissed the charges with prejudice.

The State argues that the trial court abused its discretion by finding that the State violated discovery rules, because the State had no obligation to produce federal agents not under State control, and by redacting the information from the warrant. We agree. We further hold that because Vance did not comply with applicable federal statutes and agency regulations required to obtain testimony and information from federal agents, the agents were not permitted to testify or provide information. Therefore, the trial court's remedy of redacting the agents' information from

the search warrant affidavit was an abuse of discretion. We reverse and remand to the trial court to reinstate the charges against Vance.

FACTS

In the course of an undercover online investigation, Federal Bureau of Investigation (FBI) Special Agent Alfred Burney discovered child pornography images being received and uploaded from an internet protocol (IP) address belonging to Vance and Vance's wife. Immigration and Customs Enforcement (ICE) Special Agent Julie Peay assisted in the investigation. FBI Special Agent Laura Laughlin provided the Vancouver Police Department with the information obtained through the investigation.

On the basis of the federal agents' information, state police officers obtained a search warrant for Vance's home. The police executed the warrant in January 2011, and the search of Vance's home revealed evidence of child pornography. In April 2011, Vance was arrested in Clark County. The State charged him with three counts of dealing in depictions of a minor engaged in sexually explicit conduct in the first degree[1] and seven counts of possession of depictions of a minor engaged in sexually explicit conduct in the first degree.[2]

In August 2011, Vance e-mailed the State and requested the opportunity to interview Agents Laughlin, Burney, and Peay. The State responded that it did not intend to call the agents as witnesses at trial and if Vance still wanted to interview them, he would have to arrange the interviews himself. Later in the month, Vance mailed letters to Agents Laughlin, Burney, and Peay requesting interviews. Responding on behalf of Agent Laughlin, the Department of Justice (DOJ) directed Vance to 28 C.F.R. §§ 16.21 and 16.22. These sections required Vance to submit

---

[1] RCW 9.68A.050.

[2] RCW 9.68A.070.

a scope and relevancy letter to obtain testimony or information from a DOJ employee.[3] Neither Agent Burney nor Agent Peay responded to the letters.

On June 4, 2012, Vance moved the court to suppress "any and all evidence seized and/or derived from the execution of a search warrant at his residence" and to dismiss the charges with prejudice. Clerk's Papers (CP) at 4. Two days later, Vance moved the trial court for an order to take the depositions of Agents Peay and Burney. On August 16, the trial court authorized Vance to subpoena Agents Burney and Peay for depositions. Vance served them with notices of deposition, court orders authorizing depositions, and subpoenas duces tecum.

The United States Attorney's Office (USAO) responded on Agent Burney's behalf, stating that the FBI is an agency within the United States DOJ and, thus, the production of documents and testimony of Agent Burney could not be compelled by a subpoena issued by the superior court. The USAO again directed Vance to 28 C.F.R. §§ 16.21 and 16.22. The USAO stated that once Vance provided the required information, it would review his request.

The Office of the Chief Counsel of the United States Department of Homeland Security (DHS) responded on Agent Peay's behalf. DHS informed Vance that ICE is a component of the United States Department of Homeland Security, and as a DHS employee, Agent Peay was prohibited from providing documents or testimony related to information she acquired while working for DHS. DHS directed Vance to 6 C.F.R. §§ 5.44 and 5.45, which require individuals

---

[3] If oral testimony is sought by a demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney.

28 C.F.R. § 1622(c).

to submit a scope and relevancy letter regarding the information sought.[4] DHS also stated that Agent Peay did not have authority to accept service of subpoenas and that Vance should serve the subpoena on DHS to the attention of a senior attorney. DHS stated that it would review Vance's request after Vance had properly served DHS and submitted a scope and relevancy letter. Vance served the subpoena as requested, but did not submit a scope and relevancy letter despite being reminded by DHS.

On October 31, Vance moved the trial court to dismiss the charges against him under CrR 4.7 and CrR 8.3 because the State had failed to abide by the trial court's order to allow Vance to take the depositions of Agents Burney and Peay. In the alternative, Vance moved to excise statements and information obtained from Agents Burney and Peay from the affidavit in support of the application for the search warrant. Vance argued that "Agent Burney and Agent Peay are crucial to the defense mounting a non-facial challenge to the warrant." CP at 506.

On November 19, the trial court ordered Agents Burney and Peay to submit to depositions. After Vance served the subpoena on Agent Burney, the USAO again responded that sovereign immunity deprived the trial court of jurisdiction over the FBI and that the subpoena could not be legally enforced against the FBI or its employees. The USAO again directed Vance to the applicable C.F.R. provisions that required Vance to submit a scope and relevancy letter.

On November 29, Agent Peay appeared for a deposition, but she did not bring any documents as demanded by the subpoena *duces tecum*. Vance subsequently advised the court that

---

[4]    If official information is sought, through testimony or otherwise, by a request or demand, the party seeking such release or testimony must (except as otherwise required by federal law or authorized by the Office of the General Counsel) set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought.

6 C.F.R. § 5.45(a).

at the deposition Agent Peay had stated that she had instructions to not answer certain questions. In contrast, the State told the court that Agent Peay did not refuse to answer any questions. Subsequently, the State provided Vance with 28 pages of Agent Peay's reports.

On December 21, the trial court denied Vance's motion to dismiss and ordered Vance to submit the subpoena and a scope and relevancy letter[5] to the USAO summarizing the testimony and materials sought from Agent Burney. The trial court stated that it would determine the adequacy of the scope and relevancy letter. The trial court also ruled that Vance could renew his motion to dismiss if Agent Burney failed to make himself available for an interview and to provide the relevant discovery requested within a reasonable time.

On December 27, Vance e-mailed the State's prosecutor to request a follow-up deposition with Agent Peay. On January 4, 2013, Vance sent the USAO a scope and relevancy letter regarding an interview with Agent Burney. The USAO responded a couple of weeks later and advised Vance that he failed to comply with the requirements of 28 C.F.R. § 16.22(c) and (d). The USAO again directed Vance to submit a relevancy letter in accordance with the C.F.R. and stated that his request would be timely addressed.

A few days later, Vance renewed his motion to dismiss or, in the alternative, to excise information obtained from Agents Burney and Peay from the search warrant affidavit. A new prosecutor took over the case, and the trial court orally ordered the State to attempt to arrange interviews or depositions one last time.[6]

---

[5] The superior court stated that Vance need only submit a "broad scope and relevancy, and if they get too nitpicky on it, I am going to be limiting them and maybe gutting your case." V RP at 112.

[6] The trial court stated that "this whole scope and relevancy thing I find a little bit offensive." IX RP at 233. The court added that "I'd love to talk to [Agents Burney['s] and Peay's] supervisor and say, 'Don't come to state court unless you're going to participate like our other police agencies do.'" IX RP at 259.

On February 25, the State represented that it had communicated with an attorney from the USAO who would work with the State to schedule interviews with Agents Burney and Peay. The trial court gave the State until March 1 to schedule interview dates, stating that if none had been scheduled by then, the court would grant Vance's motion to strike from the search warrant affidavit all the information Agents Burney and Peay provided. The State was unable to arrange the interviews by the court's deadline, and the trial court granted Vance's motion to strike. The trial court stated that due to Agent Burney's and Peay's repeated failure to comply with the court's directives and the State's failure to make discovery available to the defense under CrR 4.7(c)(1), the appropriate remedy was to strike all information Agent Burney and Peay provided from the search warrant affidavit.

Pursuant to its order, the trial court ordered specified lines redacted from the search warrant affidavit. After redaction, probable cause no longer existed. The trial court then suppressed all the evidence seized and derived from the execution of the search warrant. The trial court ruled that Vance had "been substantially and materially prejudiced" by the State's failure to timely provide the requested discovery, which affected Vance's "constitutional right to fully challenge the legality of the manner in which the evidence was acquired." CP at 721. The trial court ordered that the case against Vance be dismissed with prejudice.[7] The State appeals.

## ANALYSIS

I.   STATE'S CrR 4.7 OBLIGATION IS FOR EVIDENCE IN ITS POSSESSION AND CONTROL

The State argues the trial court abused its discretion by striking portions of the affidavit and dismissing the charges against Vance with prejudice. Vance argues that the State failed to

---

[7] The trial court further commented that the "State ought to go to the feds and say, You created this problem by not participating, you want it prosecuted, you do it. And not even seek an appeal on this." XIII RP at 362.

6

preserve the issue, and even if it did, the trial court did not abuse its discretion by striking the agents' information in light of their noncompliance with court orders. We agree with the State and reverse the trial court.

Discovery decisions based on CrR 4.7 are within the trial court's sound discretion. *State v. Hutchinson*, 135 Wn.2d 863, 882, 959 P.2d 1061 (1998). A trial court abuses its discretion when it makes decisions based on untenable grounds or for untenable reasons. *State v. Foxhoven*, 161 Wn.2d 168, 174, 163 P.3d 786 (2007) (quoting *State v. Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)).

Where a party fails to comply with an applicable discovery rule or a trial court order pursuant to an applicable discovery rule, the trial court "may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, dismiss the action or enter such other order as it deems just under the circumstances." CrR 4.7(h)(7)(i). Exclusion or suppression of evidence or dismissal for a discovery violation is an extraordinary remedy and should be applied narrowly. *Hutchinson*, 135 Wn.2d at 882; *State v. Smith*, 67 Wn. App. 847, 852, 841 P.2d 65 (1992).

CrR 4.7(a)(1)(i) mandates that the State disclose "material and information within the prosecuting attorney's possession or control," including "the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with any written or recorded statements and the substance of any oral statements of such witnesses." Additionally, under CrR 4.7(c)(1), the State must "disclose any relevant material and information regarding: (1) Specified searches and seizures." "The prosecutor's general discovery obligation is limited . . . 'to material and information within the knowledge, possession or control of members of the prosecuting attorney's staff." *State v. Blackwell*, 120 Wn.2d 822, 826, 845 P.2d 1017 (1993)

(quoting CrR 4.7(a)(4)). A prosecutor cannot compel a witness to speak to defense counsel because a witness is under no obligation to talk to anyone outside the court. *State v. Wilson*, 108 Wn. App. 774, 779, 31 P.3d 43 (2001).

Here, Vance argues Agent Burney and Agent Peay were the State's witnesses and thus, the State had the obligation to produce them for interviews. We disagree. Vance wanted to interview Agents Burney and Peay to obtain information about their investigation and to determine if any suppression issues existed. The State has the burden to provide only "material and information" regarding "searches and seizures." CrR 4.7(c)(1). The State provided Vance with "material and information" about the search and seizure, including details about how the federal agents conducted their investigation and what they found. There is no evidence that the agents were under the State's possession and control or that the State could compel the agents to submit to interviews. Therefore, we hold that the trial court abused its discretion by finding the State violated CrR 4.7(c)(1) and by striking the agents' statements from the search warrant affidavit.

II.     STATE TRIAL COURT IS WITHOUT AUTHORITY TO ORDER FEDERAL AGENTS TO SUBMIT TO INTERVIEWS IN STATE COURT

Federal agencies are authorized by 5 U.S.C. § 301 to create regulations governing the conditions and procedures under which their employees may testify concerning their work. *United States v. Soriano–Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468, 71 S. Ct. 416, 95 L. Ed. 417 (1951)). 5 U.S.C. § 301 provides:

> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

44761-4-II

Often called "*Touhy* regulations," procedures for subpoenaing employees of government agencies are contained in the Code of Federal Regulations (CFR). The *Touhy* regulations, and not a state court's order, control federal agents Agent Burney and Agent Peay.

A.  DEPARTMENT OF JUSTICE EMPLOYEES

The applicable DOJ regulations are found in 28 C.F.R. §§ 16.21 and 16.22. Section 16.22(a) provides:

> In any federal or state case or matter in which the United States is not a party, no employee . . . of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official.

Under § 16.22, Vance was required to submit a "scope and relevancy" letter summarizing the information he sought and explaining its relevance to the proceeding.[8]

The United States Supreme Court has established that these regulatory requirements are valid in *Touhy*, 340 U.S. at 468, which upheld the validity of a predecessor to 28 C.F.R. § 16.22(a). *In re Boeh*, 25 F.3d 761 (9th Cir. 1994). Additionally, the DOJ regulations at issue are authorized by the plain language of 5 U.S.C § 301. *Boeh*, 25 F.3d at 763-64. Sections 16.21 and 16.22 prescribe the conduct of employees, the performance of the agency's business, and the use of its records. *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998).

---

[8] A defendant whose "scope and relevancy" letter is rejected has recourse under the federal Administrative Procedure Act. *United States v. Williams*, 170 F.3d 431, 434 (4th Cir.), *cert. denied*, 525 U.S. 854, 120 S. Ct. 135, 145 L. Ed. 2d 115 (1999); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994).

The regulations relied on by the DOJ and Agent Burney are "'validly promulgated and [have] the force of law.'" *Fed. Bureau of Investigation v. Superior Court*, 507 F. Supp. 2d 1082, 1093 (N.D. Cal. 2007) (quoting *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986)). Agent Burney is a subordinate DOJ employee who is bound by the DOJ's *Touhy* regulations. Without the prior approval of the proper DOJ official, Agent Burney was not permitted to submit to the state court process. 28 C.F.R. § 16.22(a). Because Vance did not comply with the applicable CFR, a valid regulation forbade Agent Burney from complying with Vance's discovery requests, and the state court had no authority to compel Agent Burney to do so. *Cromer*, 159 F.3d at 878.

### B.    DEPARTMENT OF HOMELAND SECURITY AGENTS

The applicable DHS regulations are found in 6 C.F.R. §§ 5.44 and 5.45. Section 5.45(a) provides:

> If official information is sought, through testimony or otherwise, by a request or demand, the party seeking such release or testimony must (except as otherwise required by federal law or authorized by the Office of the General Counsel) set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought.

Similar to the DOJ regulations, the DHS's regulations prescribe how to obtain the testimony of employees or their records. *Soriano-Jarquin*, 492 F.3d at 504. These regulations are valid under *Touhy*. *Soriano-Jarquin*, 492 F.3d at 504. Agent Peay is a subordinate DHS employee and is bound by the DHS *Touhy* regulations. Without prior approval of the proper DHS official, Agent Peay was not permitted to submit to the state court process. 6 C.F.R. § 5.45(a). A valid regulation prohibited Agent Peay from submitting to a deposition or providing information, and the state court had no authority to order her otherwise.

This case is distinguishable from the Ninth Circuit's 2-1 decision in *United States v. Bahamonde*, 445 F.3d 1225 (9th Cir. 2006). There, the defendant alleged a Fifth Amendment

violation despite his noncompliance with the regulations. He argued that the regulations created a discovery imbalance in favor of the government. *Bahamonde*, 445 F.3d at 1230-31. The Ninth Circuit agreed with the defendant. *Bahamonde*, 445 F.3d at 1230-31. However, there are material factual differences between *Bahamonde* and the present case. In *Bahamonde*, the defendant sought the testimony of an agent who "attended the entire trial, sat next to the prosecutor at the prosecutor's table, assisted him throughout, and was listed on the government's witness list." 445 F.3d at 1228. Here, Vance wanted to interview Agent Peay to ask about her investigation and determine if there were any suppression issues. But Agent Peay has not provided any information that the State did not also share with Vance, and accordingly the discovery imbalance that the *Bahamonde* court relied upon is absent here.

Vance argues that Agent Peay, by submitting to a deposition, waived the requirement to submit a scope and relevancy letter. But while Agent Peay submitted to an interview without the requisite scope and relevancy letter, she did not answer all of Vance's questions and did not initially provide all the records Vance requested. Agent Peay's action had no bearing on the applicability of DHS's *Touhy* regulations, and Vance was required to comply with 6 C.F.R. § 5.45(a) if he wanted a second interview with Agent Peay. *Soriano-Jarquin*, 492 F.3d at 504. Vance failed to do so, because he never submitted a scope and relevancy letter. Therefore, the trial court had no authority to compel Agent Peay to submit to a second interview.

C.   FEDERAL SOVEREIGN IMMUNITY DEPRIVES THE STATE COURT OF JURISDICTION TO ENFORCE THE SUBPOENAS AND COURT ORDERS ON FEDERAL AGENTS

An action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity. *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). An action against the United States is defined broadly "as any action seeking a judgment that would . . . restrain the

Government from acting or compel it to act." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1094 (internal quotation marks omitted). Where an agency has not waived its immunity to suit, the state court lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction. *Cromer*, 159 F.3d at 879 (citing *Boron Oil*, 873 F.2d at 69). "Congress has not expressly waived sovereign immunity in cases in which state courts seek to compel government employees to submit to subpoenas or court orders." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1094. Thus, a state court lacks jurisdiction to compel a federal employee to testify in a state court action to which the United States is not a party, concerning information acquired during the course of his or her official duties. *Cromer*, 159 F.3d at 879 (citing *Boron Oil*, 873 F.2d at 69-71); *see also State v. Youde*, 174 Wn. App. 873, 882, 301 P.3d 479 (2013) ("A state court cannot enforce a state subpoena issued to an agent of the Federal Bureau of Investigation.").

Here, the trial court attempted to compel Agent Burney and Agent Peay to submit to depositions and to provide Vance with information regarding their investigations. Under the doctrine of sovereign immunity, the state trial court lacked jurisdiction to subpoena the federal agents or to order them to submit to depositions and to provide information.

Other federal courts that have addressed this issue are in accord. *See, e.g., In re Elko County Grand Jury*, 109 F.3d 554 (9th Cir. 1997) (state court lacked jurisdiction to compel a forest service employee to appear and testify before grand jury in contravention of USDA regulations); *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208 (D.C. Cir. 1996) (state court lacked jurisdiction to compel production of records from comptroller general when production was in violation of agency regulations); *Edwards v. United States Dep't of Justice*, 43 F.3d 312 (7th Cir. 1994) (state court had no authority to compel discovery of FBI surveillance tapes after Justice Department denied production pursuant to 28 C.F.R. § 16.26(b)(5)); *In re Boeh*,

25 F.3d 761 (FBI agent cannot be held in contempt for refusing to testify absent permission of the Justice Department, pursuant to 28 C.F.R. § 16.22(a)); *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992) (state court subpoena issued to federal parole officer quashed on sovereign immunity grounds). Thus, we hold that the trial court lacked jurisdiction to issue subpoenas and court orders compelling federal Agents Peay and Burney to appear, provide testimony, and disclose records.

Based on the foregoing, the trial court abused its discretion by finding that the State violated its discovery obligations under CrR 4.7(c)(1), and by issuing subpoenas and orders to compel federal Agents Burney and Peay to appear and testify. Because the trial court abused its discretion, we reverse the dismissal and remand to the trial court with instructions to reinstate the charges against Vance.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Bjorgen, J.