# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

CHARLES L. REISERT

Appellant.

No. 80267-4-I

DIVISION ONE

PUBLISHED OPINION

APPELWICK, J. — Reisert requests reversal of the superior court's order denying his motion for a release hearing under CrR 3.2.1. That rule is entitled "Procedure Following Warrantless Arrest - Preliminary Appearance." He was in custody on a warrant. We affirm.

## FACTS

On July 11, 2019, Reisert was arrested and booked for a domestic violence offense. At his arraignment, he was released on $500 bail and ordered to participate in electronic home detention. While he was still in custody, the State filed additional felony domestic violence charges for a separate act. The court issued an order directing the issuance of summons or warrant, fixing bail at $200,000.

Reisert moved for an immediate release hearing pursuant to CrR 3.2.1. The State opposed his motion, arguing CrR 3.2.1 applies to only warrantless arrests. The court denied his motion.

On July 30, 2019, Reisert filed a notice of discretionary review in this court. One week later, Reisert's bail was lowered to $25,000 at an arraignment hearing. On November 5, 2019, Reisert pleaded guilty.

On November 18, 2019, a commissioner of the Court of Appeals issued a ruling denying discretionary review, noting Reisert had an appeal available as of right. Reisert filed a motion to modify the ruling, explaining that appealing his sentence would violate his plea agreement, but seeking discretionary review would not. RAP 17.7.

On December 30, 2019, the commissioner granted discretionary review. The commissioner concluded discretionary review was warranted because the issues are of a public nature, are recurring, are likely to evade review, and an authoritative determination will provide future guidance.

## DISCUSSION

Reisert argues King County Superior Court erred when it denied his motion for an immediate preliminary appearance hearing after his second arrest pursuant to CrR 3.2.1(d)(1). He argues the plain language of CrR 3.2.1 mandates that all defendants must be brought before a judicial officer for a preliminary appearance hearing the next court day following their arrest.

CrR 3.2.1(d)(1) provides,

> Unless a defendant has appeared or will appear before a court of limited jurisdiction for a preliminary appearance pursuant to CrRLJ 3.2.1(a) [("Probable Cause Determination")], any defendant whether detained in jail or subjected to court-authorized conditions of release shall be brought before the superior court as soon as practicable after the detention is commenced, the conditions of release are imposed or the order is entered, but in any event before the close of

business on the next court day. A person is not subject to conditions of release if the person has been served with a summons and the only obligation is to appear in court on a future date.

At the preliminary appearance, if the court denies the accused's request for release, it must also determine whether probable cause exists to believe the accused committed the crime and set bail. Khandelwal v. Seattle Mun. Court, 6 Wn. App. 2d 323, 326-27, 431 P.3d 506 (2018); CrR 3.2.1(e)(2). The probable cause and bail decision must be made no later than 48 hours after arrest. Khandelwal, 6 Wn. App. 2d at 327; CrR 3.2.1(a). CrR 3.2.1 is a mandatory rule. See Khandelwal, 6 Wn. App. 2d at 336-38 (holding CrRLJ 3.2.1, which mirrors CrR 3.2.1, as a mandatory rule). A "mandatory provision" in a rule, if not followed, renders the proceeding to which it relates illegal and void. See Khandelwal, 6 Wn. App. 2d at 336.

Reisert argues the plain language of CrR 3.2.1(d)(1) and CrRLJ 3.2.1(d)(1) afford the right to a prompt preliminary appearance hearing to "any defendant" or "any accused." He asserts this language "does not distinguish between individuals arrested pursuant to a warrant and individuals arrested without a warrant." Therefore, the trial court erred when it denied his request for a hearing under the rule.

The State argues that the language in CrR 3.2.1 is ambiguous. Because it is ambiguous, we look to the title of the rule, which makes it clear that it applies to only warrantless arrests. Thus, the trial court did not err in denying the hearing, because Reisert was arrested pursuant to a warrant.

The meaning of a court rule, like a statute, is a question of law subject to de novo review. See Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). When interpreting court rules, the court approaches the rules as though they have been drafted by the legislature. Plein v. USAA Cas. Ins. Co., 195 Wn.2d 677, 685, 463 P.3d 728 (2020). "Plain meaning is discerned from the language, the statute's context, related provisions, and the statutory scheme as a whole." Wrigley v. State, 195 Wn.2d 65, 71, 455 P.3d 1138 (2020). Where the meaning of a rule is ambiguous, the court may resort to statutory construction, legislative history, and relevant case law to discern the drafter's intent. State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010).

If the title of the rule is substantive, its plain meaning would limit the scope of the rule. Without knowing if the title is a substantive part of the rule, there is ambiguity as to whether the rule applies to any defendant or only those detained under a warrantless arrest. To apply plain meaning or ambiguity, it is necessary to resolve whether the title is a substantive statement of the scope.

Section headings which appear in Washington statutes and codes have three derivations: (1) they are placed there by the another office, such as the code reviser, (2) they are placed there by the drafter but there is a specific provision in the statute that section headings do not become a part of the act, or (3) they are placed in the original act by the drafter without any limiting provisions. State v. Lundell, 7 Wn. App. 779, 782 n.1, 503 P.2d 774 (1972). It is only in the third

instance that section headings become an integral part of the law and are useful in statutory interpretation.[1] Id.

The Supreme Court repealed former rules CrR 3.2A and 3.2B. In re Adoption of the Amendments to CrR 3.2A, CrR 3.2B, CrR 3.2(a), New CrR 3.2.1, CrR 3.4(d)(1) & CrR 4.3A, No. 25700-A-701 (Wash. March 8, 2001). They were replaced by new CrR 3.2.1. Id. The new rule was titled "Procedure Following Warrantless Arrest - Preliminary Appearance." CrR 3.2.1. Nothing in the rules suggest that the titles are not part of the rules. Nor is there any case authority indicating that as a general rule the titles of rules are not substantive. As the title was drafted as part of the rule and adopted by the drafter without any limiting provisions, we conclude it is an integral part of the rule and is useful in statutory interpretation.

The title and restructuring of CrR 3.2.1 indicate the court intended to provide a right to a prompt preliminary appearance hearing to any defendant or accused detained following a warrantless arrest.

---

[1] Reisert argues that the title of CrR 3.2.1 should not limit the plain language of CrR 3.2.1(d) providing its application to any defendant or accused person. He cites to Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Company, 331 U.S. 519, 528-29, 67 S. Ct. 1387, 91 L. Ed 1646 (1947), which provides "the title of statute and the heading of section cannot limit the plain meaning of the text." Washington courts are not bound by federal applications of rules of construction, and have moved in a different direction. See Plese-Graham, LLC v. Loshbaugh, 164 Wn. App. 530, 538, 269 P.3d 1038 (2011) (noting Washington cases recognize federal cases as persuasive authority for interpreting state rule); Lundell, 7 Wn. App. at 782 n.1 (laying out the three derivations of RCW section headings).

We conclude that CrR 3.2.1 applies to only defendants arrested without a warrant.

We affirm.

_Appelwick, J._

WE CONCUR:

_Brummer, J_        _Dwyer, J._