# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>BENJAMIN SALOFI ASAELI,<br><br>Appellant. | No. 54035-5-II<br><br><br>ORDER GRANTING MOTION TO<br>PUBLISH AND PUBLISHING OPINION |

Respondent State of Washington and third party Washington Association of Prosecuting Attorneys each have moved this court to publish its May 25, 2021 opinion in this case. After consideration, the court grants the motions. Accordingly, it is

ORDERED that the final paragraph in the opinion that reads: "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for publish record in accordance with RCW 2.06.040, it is so ordered" is deleted. It is further

ORDERED that the opinion will be published.

PANEL: Jj. Maxa, Cruser, Veljacic

FOR THE COURT:



_____
MAXA, P.J.

MAXA, J. – Benjamin Asaeli appeals the superior court's denial of his postconviction CrR 4.7 motion for discovery materials. We hold that CrR 4.7 applies only to procedures before trial, and that Asaeli has not shown a due process right to postconviction discovery. Accordingly, we affirm the superior court's order denying Asaeli's motion.

FACTS

In 2006, a jury found Asaeli guilty of first degree murder by extreme indifference, second degree felony murder, first degree assault, and possession of a stolen firearm. This court affirmed Asaeli's convictions on direct appeal. *State v. Asaeli*, 150 Wn. App. 543, 208 P.3d 1136 (2009). The mandate was issued on November 17, 2009.

In 2019, Asaeli filed a CrR 4.7 motion to produce discovery in the superior court. He requested (1) all correspondence between the prosecution and defense, (2) documentation that shows proof of his criminal history, (3) physical or tangible objects in the State's possession that may be relevant to his innocence or guilt, (4) any documents or records that questions or raises

doubts about the accuracy or reliability of any scientific and/or expert testing, (5) criminal records of all of the State's witness, (6) any evidence that may undermine the credibility of any State witness, (7) all exculpatory evidence that the State may possess, (8) any mitigating evidence regarding his guilt, and (9) any statements of non-witnesses obtained by the State in preparing its case in chief.

The superior court originally transferred the matter to this court as a personal restraint petition. This court rejected the transfer and remanded to the superior court because Asaeli's motion was not bought under CrR 7.8. Order Rejecting Transfer, *In re Pers. Restraint of Asaeli*, No. 53598-0-II (Wash. Ct. App. June 11, 2019).

The superior court subsequently denied Asaeli's motion, concluding that CrR 4.7 applies to pretrial discovery procedures and not to postconviction proceedings. Asaeli appeals the superior court's order denying his motion for discovery materials.

ANALYSIS

Asaeli argues that the superior court erred by denying his postconviction CrR 4.7 motion for the State to produce discovery materials. We disagree.

In general, we review discovery decisions based on CrR 4.7 for abuse of discretion. *State v. Vance*, 184 Wn. App. 902, 911, 339 P.3d 245 (2014). However, whether a court rule applies to a particular fact scenario is a question of law we review de novo. *State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003).

We apply the same principles to interpreting court rules that we apply to interpreting statues. *State v. Mankin*, 158 Wn. App. 111, 122, 241 P.3d 421 (2010). The primary goal of court rule interpretation is to ascertain and give effect to the Supreme Court's intent. *State v. Waldon*, 148 Wn. App. 952, 962, 202 P.3d 325 (2009). This requires looking at the plain

3

language of the rule, the context of the rule, related provisions, and the rule's scheme as a whole. *State v. Reisert*, 16 Wn. App. 2d 321, 324, 480 P.3d 1151 (2021). As part of this process, we may look to the rule's title to assist in interpreting a court rule. *See id.* at 325. When words in a court rule are plain and unambiguous, further interpretation is not necessary and we apply the court rule as written. *Mankin*, 158 Wn. App. at 122.

CrR 4.7 appears in Title 4 of the Superior Court Criminal Rules, which is titled "Procedures Prior to Trial." This title indicates that the Supreme Court intended CrR 4.7 to apply to pretrial discovery procedures, not after a defendant has been convicted. In addition, CrR 4.7(a)(1), which addresses the prosecutor's discovery obligations, states that discovery material must be produced no later than the omnibus hearing. The omnibus hearing obviously is a pretrial hearing. Nothing in CrR 4.7 states or even suggests that its provisions apply after conviction.

We conclude that CrR 4.7 does not apply to postconviction proceedings. Therefore, Asaeli had no right to file a motion for discovery under CrR 4.7.

The Supreme Court in *In re Personal Restraint of Gentry* addressed a postconviction motion for discovery from the standpoint of due process. 137 Wn.2d 378, 390-91, 972 P.2d 1250 (1999). The court stated, "From a due process standpoint, prisoners seeking postconviction relief are not entitled to discovery as a matter of ordinary course, but are limited to discovery only to the extent the prisoner can show good cause to believe the discovery would prove entitlement to relief." *Id*. Here, Asaeli has not shown good cause for obtaining discovery. Therefore, due process did not support his motion.

Because Asaeli's CrR 4.7 motion was filed 13 years after he was convicted at trial, we hold that the superior court did not err in denying the motion for discovery materials.

## CONCLUSION

We affirm the superior court's denial of Asaeli's postconviction CrR 4.7 motion for discovery materials.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
CRUSER, J.

_____
VELJACIC, J.